(No. 4949. December 31, 1927.)

THE FEDERAL LAND BANK OF SPOKANE, a Corporation, Appellant, v. HENRY P. CURTS and NELLIE C. CURTS, Husband and Wife, W. CLAY SUTTON and BEULAH SUTTON, Husband and Wife, RIEL E. WILSON, BANK OF WASHINGTON COUNTY, a Corporation, A. M. BOYLAN, Liquidating Agent of the Bank of Washington County, E. W. PORTER, as Commissioner of Finance of the State of Idaho, MIDVALE NATIONAL FARM LOAN ASSOCIATION, a Corporation, Respondents.

[262 Pac. 877.]

REAL ESTATE MORTGAGE—FORECLOSURE—DECREE—SALE—CONSIDERATION —WRITTEN BID—RIGHTS THEREUNDER—CONDUCT OF SALE—"THIRD PERSON"—RULE AS TO SALE EN MASSE.

1. Decree of foreclosure, directing that property be sold in manner prescribed by law and practice of court, is not direction to sell in any special or particular order, either as whole or in parcels, but is general instruction only to sell in accordance with laws applicable to sales under foreclosure, and practice of court, if any, not inconsistent with such statutes.

2. Where a decree is silent as to manner or order in which sale of real estate in foreclosure shall be conducted, provisions of C. S., sec. 6924, relating to conduct of sale in execution of judgments, apply.

3. Written bid of plaintiff in mortgage foreclosure action, made by letter to sheriff conducting sale pursuant to decree of foreclosure, was valid, especially where there was no intention to invest sheriff with discretionary authority to bid for plaintiff, but amount was definitely fixed.

4. President of corporation, which was assignee of second mortgage covering part of property mortgaged and defendant in mortgage foreclosure action, had no right to direct order in which subdivisions of property should be sold under mortgage foreclosure decree, since words "third person," as used in C. S., sec. 6924, relating to conduct of sales in execution of judgments, do not include defendant in foreclosure suit but refer to one not party to suit who acquired title to portion of land subject to judgment.

5. Where mortgaged land was contiguous and was owned and farmed as one tract, and there were no peculiar marks or circumstances to distinguish one 40-acre piece from another from standpoint of use or enjoyment, it could not be said, as matter of law, that it was divided into separate known lots or parcels, requiring sheriff conducting sale pursuant to foreclosure decree to sell in separate parcels, under C. S., sec. 6924, since legal subdivision of a larger description is not of necessity a "known lot or parcel."

6. Under C. S., sec. 6924, requiring that all sales of property under execution should be made to highest bidder, it was duty of sheriff conducting sale pursuant to mortgage foreclosure decree, having far more advantageous written bid from plaintiff than bid made by purchaser, to have cried bid, and, if no advance was made, to sell thereon, or, if in doubt as to his duty, to have postponed sale.

7. Gross inadequacy of consideration, coupled with very slight additional circumstances, is sufficient ground for setting aside sheriff's sale, under mortgage foreclosure.

8. Where plaintiff, in mortgage foreclosure action, made written bid of $8,700 to sheriff conducting sale under foreclosure decree, and sheriff replying to letter did not take exception thereto nor intimate that it would be disregarded, gross inadequacy in purchaser's bid of $300 for 240 acres of the 400-acre tract, together with circumstances incident thereto, was ground for

setting aside sheriff's sale, and court abused discretion in refusing to do so, since plaintiff was not negligent in absenting itself from sale, in view of sheriff's conduct.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Appeal from an order denying a motion to set aside a sale of real estate made by the sheriff of Washington County, pursuant to a decree of foreclosure. *Reversed.*

Geo. H. Van de Steeg, for Appellant.

The proper procedure to remedy an illegal, irregular, unfair or prejudicial sale is by motion in the principal action to set the sale aside. (*Woody v. Jameson,* 5 Ida. 466, 50 Pac. 1008; 17 Cyc. 1272; 10 R. C. L., Executions, sec. 10; 2 Freeman on Executions, secs. 305, 308.)

The court has the power to set aside a sale made under its own process for good cause, or whenever the ends of justice or fair dealing require it. (Rorer on Judicial Sales, sec. 1081; *McLean County Bank v. Flagg,* 31 Ill. 290, 83 Am. Dec. 224; Herman on Executions, 406, sec. 349.)

A court may open, set aside or vacate a sale even where in analogous or similar circumstances private sales would not be opened, and may set aside a sale although there was no fraud therein and it was in all respects regular and

---

Publisher's Note.

5. Judicial sales of property in parcels, or *en masse,* see notes in 8 Ann. Cas. 741; Ann. Cas. 1913B, 619. See, also, 16 R. C. L. 49; 19 R. C. L. 575.

7. Inadequacy of price as ground for vacating or setting aside foreclosure or judicial sale, see notes in Ann. Cas. 1914D, 3, 15, 18, 21; Ann. Cas. 1915A, 1151; Ann. Cas. 1915C, 749; Ann. Cas. 1915D, 1102; Ann. Cas. 1918E, 436. See, also, 16 R. C. L. 95; 19 R. C. L. 584.

See Mortgages, 42 C. J., sec. 1827, p. 199, n. 38; sec. 1828, p. 200, n. 62, 67; sec. 1830, p. 201, n. 87, p. 202, n. 93; sec. 1834, p. 207, n. 96 New, 2; sec. 1876, p. 235, n. 8.

upon grounds insufficient to confer upon the objecting parties an absolute legal right to resale. In a proper case the court may relieve against accident, surprise and even irregularities working hardship, oppression or unfairness or misconduct of the selling officer or others, even though such conduct may not amount to a violation of law. (35 C. J., p. 97, sec. 158.)

Fundamentally, this sale was a judicial sale; not purely a sale under execution, and the principles governing judicial sales are applicable rather than those governing sales under execution. (C. S., sec. 6949; *Thomas v. Thomas,* 44 Mont. 102, Ann. Cas. 1913B, 616, 119 Pac. 283; *First Nat. Bank v. Barons,* 109 Kan. 493, 200 Pac. 297; *Hamilton v. Hamilton,* 51 Mont. 509, 154 Pac. 717; *Elston v. Hix,* 67 Mont. 294, 215 Pac. 657; *Hopkins v. Wiard,* 72 Cal. 259, 13 Pac. 687; *Johnston v. Colby,* 52 Neb. 327, 72 N. W. 313; *DeWitt County Nat. Bk. v. Mickelberry,* 244 Ill. 77, 135 Am. St. 304, 91 N. E. 86.)

The term "third person" as used in this statute (C. S., sec. 6924) has reference to one who is not a party to the judgment or decree. (*Balfour v. Burnett,* 28 Or. 72, 41 Pac. 1.)

A legal subdivision of a larger description is not necessarily a known lot or parcel. (*Connick v. Hill,* 127 Cal. 162, 59 Pac. 832; *Elston v. Hix, supra; Woods v. Monnell,* 1 Johns. Ch. (N. Y.) 505; *Pierce v. Reed,* 3 Neb. (Unof.) 874, 93 N. W. 154; *Anglo-Californian Bank v. Cerf,* 142 Cal. 303, 75 Pac. 902.)

The determination of what is a known lot or parcel depends upon the particular facts and circumstances of each case, and the fact that property may be susceptible of division or even divided, does not make it consist of known lots or parcels where the property is used, occupied and constitutes naturally one farm or one occupancy. (27 Cyc. 1480.)

A bid may be made by letter and should be considered and treated the same as if made in person at the sale. (35

C. J. 38, sec. 50; *Wenner v. Thornton,* 98 Ill. 156; *Re Alger,* 21 Ont. 440.)

George Donart, for Respondent R. E. Wilson & Son, Inc.

Before a court has jurisdiction to set aside a judicial or execution sale on the application of either party, the notice of such motion or application must be served upon the adverse parties. (*Woody v. Jameson,* 5 Ida. 466, 50 Pac. 1008; 23 C. J. 684, sec. 677.)

There is a presumption that an officer making a judicial sale did his duty. (*Leppel v. Kus,* 38 Colo. 292, 88 Pac. 448; *Porter v. Pico,* 55 Cal. 165.)

There is a presumption that a judgment of a court of competent jurisdiction or any order made after judgment is valid and regular and in the absence of a showing to the contrary is supported by the evidence.

The process under which a judgment of foreclosure is enforced is provided by C. S., secs. 6913 and 6924. (*Johnson v. Tyrell,* 77 Cal. App. 179, 246 Pac. 140; *Ontario Land etc. Co. v. Bedford,* 90 Cal. 181, 27 Pac. 39.)

The manner of holding a sheriff's sale of foreclosure is governed by C. S., sec. 6924. (*Johnson v. Tyrell, supra.*)

A sheriff's sale on foreclosure is regularly conducted where the lands to be sold consist of legal subdivisions and are first offered for sale in separate lots or parcels, and an offer to sell lands *en masse* should be made only after no bids have been received for separate parcels. (C. S., sec. 6924; *Hibernia Savings & Loan Co. v. Behnke,* 121 Cal. 339, 53 Pac. 812; *Thomas v. Thomas,* 44 Mont. 102, 119 Pac. 283, Ann. Cas. 1913B, 616, and note on 619; 35 C. J. 37.)

Inadequacy of price is not a ground for setting aside a sale on foreclosure in the absence of fraud. (*Manning v. Liberty Trust Co.,* 234 Mass. 544, 8 A. L. R. 999; 125 N. E. 691; *Smith v. Randall,* 6 Cal. 47, 65 Am. Dec. 475; *Oswald v. Johnson,* 140 Ga. 62, Ann. Cas. 1914D, 1, and note on 10, 78 S. E. 333.)

HARTSON, Commissioner.—This is an appeal from an order denying a motion to set aside a sale of real estate made by the sheriff of Washington county, pursuant to a decree of foreclosure. It is a companion case to *Federal Land Bank of Spokane v. Curts et al., post,* p. 426, 262 Pac. 881, which involves a similar attack upon the same sale, made jointly by the mortgagee and one of the judgment debtors. It was stipulated that argument in both cases be consolidated, and the records considered as one.

The aggregate amount of the judgment was $9,274.90. The property consists of 400 acres of dry farm land, practically uniform in character and value. It was described in the mortgage, decree and order of sale, as follows:

"The North Half of the Northwest Quarter, the Southeast Quarter of the Northwest Quarter, the Northeast Quarter of the Southwest Quarter, the Southeast Quarter and the South Half of the Southwest Quarter of Section Twenty-one, in Township Thirteen North of Range Two, West of the Boise Meridian."

There is but one set of buildings located on the SW.¼–SE.¼ of section 21. The land is all owned and used as one ranch or farm. There is a main highway along the south line of the section, and a cross-road approximately on the north and south quarter section line through the southeast quarter of the section. The value of the entire tract is from five to six thousand dollars. The decree directs, " . . . . that said property be sold . . . . in the manner prescribed by law and the practice of this Court . . . . " The sale was properly advertised to occur March 27, 1926. On or about March 4, 1926, appellant's attorney wrote a letter to the sheriff, a copy of which is as follows:

"4 March, 1926.

"Sheriff of Washington County,
   "Weiser, Idaho.
"Re: The Federal Land Bank vs. Henry P. Curts et al.
   "May we please be advised the date of sale in the above entitled action? The plaintiff above named desires and

does hereby make its bid for all of the property to be sold herein in the sum of Eighty-seven Hundred Dollars ($8,700.00) leaving a deficiency. Will you kindly file this bid in behalf of plaintiff and accept the same as made by plaintiff at the sale when the sale is held?

"Very truly yours,

"GEO. H. VAN DE STEEG.

"VDS:GH."

On or about March 12, 1926, the sheriff replied as follows:

"Geo. H. van de Steeg, Att'y.,

"Nampa, Idaho.

"Dear Sir:

"In regard to your sale in the case of Federal Land Bank vs. Henry P. Curts et al. Said sale will be held on Saturday, March 27, 1926, at Ten o'clock A. M. Sheriff's costs on bid of $8,700.00 will total $84.50.

"Very truly yours,

"M. L. LINKOUS, Sheriff,

"By GEO. H. BINNING, Deputy."

At the time set for the sale, the only bidder present was one R. E. Wilson, president of R. E. Wilson & Son, Inc., a corporation, which was assignee of a second mortgage covering the southwest quarter and the south half of the southwest quarter of section twenty-one. Neither appellant nor any other party to the action appeared, either in person or by agent. The deputy sheriff conducting the sale has made two returns thereof. He also makes three affidavits as to his version of what occurred at the sale. In his original return he merely certifies that he first offered the lands in separate lots or parcels, and thereupon received from R. E. Wilson & Son, Inc., a bid in the sum of $50 for the SW. ¼–SW. ¼ which, being the only, the highest and best bid, he accepted; that in the same manner, and for the same price in each instance, he struck off in their order the SE. ¼–SW. ¼, the SW. ¼–SE. ¼, the SE. ¼–SE. ¼, the NW. ¼–SE. ¼ and the NE. ¼–SE. ¼; that receiving no bids on the remaining separate parcels or lots, he offered

the remainder as a whole, and received no bids thereon. The amended return is the same, except it declares the lands consist of several known lots or parcels. The first affidavit states that according to his usual custom, he first offered any part of the lands, whereupon R. E. Wilson said he wished to bid on parts of the lands, and requested that they be offered in 40-acre tracts; that thereupon, in compliance with such request, he offered the lands in 40-acre tracts, and that R. E. Wilson bid upon the same as set forth in the return. The second affidavit says that he asked for bids on any part of the lands, whereupon R. E. Wilson stated that he would bid on separate 40-acre tracts and pursuant thereto placed his bids as stated in the return; that the lands were not sold in separate parcels pursuant to any request of R. E. Wilson, but in accordance with the invariable practice he had followed and because he understood it to be his duty. The third affidavit is similar to the second, but declares that he first offered any part of the lands according to his usual custom.

From what has been said it will be seen that the bid of appellant was completely disregarded. After deducting his fees, commissions and expenses, amounting to $42, the sheriff remitted the balance of $258 to appellant's attorney, who gave a receipt declaring that the money was received "under protest."

The grounds asserted for the motion are, in substance, that the sale was conducted and made against law in that the officer failed to sell to the highest and best bidder; in that he unlawfully sold by legal subdivisions which were not known lots or parcels, whereas the land comprised but one known lot or parcel; in that the sale as made is unfair and unjust and resulted in the sacrifice of the lands, to the injury of the moving parties and all others interested; and in that the price was grossly inadequate. The motion was made upon the records and files in the cause, and affidavits attached to the motion, and such oral testimony as might be offered and adduced upon hearing. The oral evidence does not appear, no transcript having been

furnished by appellant, but it appeared to be admitted on oral argument of the appeal that there was no oral testimony submitted.   Upon hearing, the trial court denied the relief sought, and found that 240 acres were sold to R. E. Wilson & Son, Inc., for $300, which was the highest and best bid, "and that the sale was regularly and legally held in the manner provided by law and the practice of this Court relative to sales of real estate on foreclosure."   In event the sale is set aside and a resale ordered, appellant offers to again bid the sum of not less than $8,700 for all the lands, or in case it is ordered sold by smaller parcels, will bid a sum equal to said amount in the aggregate for all the several tracts.   Appellant has also deposited in court, for the benefit of the purchaser, the sum of $300 received as proceeds of the sale.

[1, 2]  It is appellant's first contention that it was within the power of the court to direct how and in what order the land should be sold, and that, from the language of this decree, it was contemplated that the property should be sold in one piece or parcel.   It is conceded by respondent, and we think cannot be denied, that the court has power to direct the order in which property shall be sold, but that it did not do so in this case, it seems to us, is beyond any question.   A decree of foreclosure, directing that property be sold in the manner prescribed by law and the practice of the court is not a direction to sell in any special or particular order, either as a whole or in parcels, but is a general instruction only, to sell in accordance with the laws applicable to sales under foreclosure, and the practice of the court, if any, not inconsistent with such statutes.   Where a decree is silent as to the manner or order in which a sale of real estate in foreclosure shall be conducted, the provisions of C. S., sec. 6924, relating to the conduct of sales in execution of judgments, apply.   (*Leviston v. Swan*, 33 Cal. 480; *Ontario L. & Imp. Co. v. Bedford*, 90 Cal. 181, 27 Pac. 39; *Marston v. White*, 91 Cal. 37, 27 Pac. 588; *Johnson v. Tyrell*, 77 Cal. App. 179, 246 Pac. 140.)   The decisions of the supreme court of Montana, ap-

parently holding the contrary, are not persuasive, because the exact question was neither presented nor determined. (*Thomas v. Thomas,* 44 Mont. 102, Ann. Cas. 1913B, 616, 119 Pac. 283, and *Elston v. Hix,* 67 Mont. 294, 215 Pac. 657.)

[3] The next inquiry is as to the effect of appellant's written bid of March 4, 1926. Nowhere is its *bona fides* questioned. It has been held that a bid may be sent by letter, and that the officer must, in such event, cry the bid, and if there be no advance upon it, he would be justified in selling at the bid. (*Dickerman v. Burgess,* 20 Ill. 266; *Wenner v. Thornton,* 98 Ill. 156 at 170.) The proposition has also been denied. (*Sparling v. Todd,* 27 Ohio St. 521.) While the practice has much to condemn it, and should not be encouraged, we think the weight of authority is in favor of the validity of such a bid. Especially is this true since there seems to have been no intention to invest the sheriff with discretionary authority to bid for appellant, but the amount of the bid was definitely fixed at $8,700. See, also, *Victor Inv. Co. v. Roerig,* 22 Colo. App. 257, 124 Pac. 349; 2 Freeman, Execu., 3d ed., pp. 1684, 1685 and 1730. With this written bid in his possession, at the time of the offering, what was the sheriff's duty in respect to it? The only persons present were deputy sheriff Binning and R. E. Wilson, the successful bidder. Little need be said of the latter; his single affidavit has at least the virtue of consistency. In substance it says that before offering the land *en masse,* Mr. Binning asked for bids on separate parcels, resulting in Mr. Wilson's six bids aggregating $300 for 240 acres; that the bids were made to protect the lien of the second mortgage; that unless the lands had been sold separately, R. E. Wilson & Sons, Inc., would have been unable to redeem the doubly mortgaged subdivisions apart from the entire tract.

[4] But Mr. Binning sought to palliate what he could not cure. His declaration, appearing in his second affidavit, "that said lands were not sold in separate parcels pursuant to any request of said R. E. Wilson" is obviously

specious. If accepted as true, it is evident that the process of first offering the particular six subdivisions covered by the second mortgage could only have been the result of some understanding between the officer and the bidder, and previous information to the former of the bidder's particular interest in those subdivisions. The bidder had no right to direct the order in which the subdivisions should be sold. The words "third person" as used in C. S., sec. 6924, do not include a defendant in a foreclosure suit, but refer to one not a party to the suit who acquired title to a portion of the land subject to the judgment. (*Balfour et al. v. Burnett*, 28 Or. 72, 41 Pac. 1; *Succession of Baker*, 129 La. 74, Ann. Cas. 1912D, 1181, 55 So. 714.)

[5] Appellant contends that a legal subdivision of a larger description is not necessarily a known lot or parcel; that the offering in separate subdivisions was irregular and improper, and that the land should first have been offered in its entirety. A legal subdivision of a larger description is not of necessity a known lot or parcel. It may or may not be. (*Elston v. Hix*, 67 Mont. 294, 215 Pac. 657; *Connick v. Hill*, 127 Cal. 162, 59 Pac. 832; *Pierce v. Reed*, 3 Neb. (Unof.) 874, 93 N. W. 154.) Since this land is contiguous, and is owned and farmed as one tract, and there are no peculiar marks or circumstances to distinguish one 40-acre piece from another, from the standpoint of use or enjoyment, it cannot be said, as a matter of law, that it is divided into separate known lots or parcels, requiring the officer to sell in separate parcels. (*Elston v. Hix, supra.*)

[6] C. S., sec. 6924 requires that all sales shall be made to the highest bidder. It was the officer's duty in this case, having a far more advantageous bid from appellant, either to have cried the bid, and if no advance was made, to sell thereon; or, if in doubt as to his duty, to have postponed the sale. In failing therein, and in selling the larger portion of the land at a merely nominal sum, the property was sacrificed, to the injury of all parties concerned except the purchaser.

[7, 8]   As a general rule mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale, but it is uniformly held that gross inadequacy of consideration, coupled with very slight additional circumstances, is sufficient. The respondent's contention that appellant was negligent in absenting itself from the sale is not valid. The written bid had been made. The sheriff, in his reply to the letter containing the bid, did not take exception thereto, nor intimate in any manner that it would be disregarded. Appellant's attorney declares, not without reason, that relying upon the written bid, and believing itself fully protected against other bidders, appellant did not attend the sale. Appellant was thus, in a measure, misled in the matter by the sheriff's failure to notify its attorney that its written offer would not be recognized as a bid. Taking the gross inadequacy in the purchaser's bid, so great indeed as to shock the conscience of the court, together with the circumstances incident thereto which have already been discussed, it was an abuse of discretion for the trial court to refuse to set aside the sale. The order complained of should therefore be vacated, and a resale ordered. Costs to appellant.

Babcock and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The order denying the motion to set aside the sale is reversed and the cause remanded to the trial court with instructions to proceed in accordance with the views expressed in the opinion. Costs to appellant.