CHAUSSE v. BANK OF GARLAND et al.

No. 4615.   Decided June 5, 1928.   (268 P. 781.)

*C. R. Hollingsworth,* of Ogden, for appellant.

*LeRoy B. Young,* of Brigham City, for respondents.

CHERRY, J.

A demurrer to plaintiff's complaint for want of facts was sustained by the trial court and the action dismissed. The plaintiff appeals.

The complaint is too long to be set out in full. Its essential allegations are that defendants Jensen and wife were the owners of three separate tracts of real estate in Box Elder county, herein designated for convenience as tracts 1, 2, and 3. On February 13, 1918, Jensen and his wife executed a mortgage to Utah Mortgage Loan Corporation upon all three tracts to secure the payment of $710, and on February 28, 1919, executed a second mortgage to defendant, the Bank of Garland, upon all three tracts to secure the payment of $2,125. On October 1, 1920, the defendants Jensen and wife executed a third mortgage to the plaintiff upon tract 3 to secure the payment of $1,000, and, on October 27, 1922, executed a fourth mortgage to defendant the Bank of Garland upon all three tracts to secure the payment of $2,450. The several mortgages were all duly recorded shortly after their execution and delivery, respectively. On July 12, 1924, the defendant Ora Lee, as the purported assignee of the defendant bank, instituted an action in the district court of Box Elder county for the foreclosure of the above-mentioned fourth mortgage against the mortgagors only, which action resulted in a decree and judgment of foreclosure and sale dated August 11, 1924, and

a subsequent sheriff's sale and deed for all three tracts of the real estate to Ora Lee. It is alleged that in such proceedings Ora Lee had no beneficial interest; that the purported assignment to her was sham and fictitious; and that she acted solely for the use and benefit of the defendant bank; and that, immediately after the sale, the bank took possession of the real property sold, and ever since has remained in possession, and has collected and retained the rents therefrom, and held itself out to be the owner thereof. It is alleged that the plaintiff herein had no knowledge or notice of the sheriff's deed to Ora Lee until May 14, 1926; that on June 20, 1925, Elva Christensen (one of the defendants herein), claiming to be the assignee of the first and second mortgages above mentioned and the respective debts secured thereby, as plaintiff, brought an action in the district court of Box Elder county for the foreclosure of the same against the mortgagors and against Martha Chausse (the plaintiff herein) and the said Ora Lee as defendants.

It is alleged herein that the purported assignments of the two mortgages to Elva Christensen were sham and fictitious, and that she acted in all the proceedings without any beneficial interest in herself but for the sole use and benefit of the Bank of Garland, who was the actual owner of both mortgages. In the last-mentioned action Martha Chausse (the plaintiff herein) appeared as a defendant, and asserted her third mortgage on tract 3 of the real estate in controversy, and the action terminated in a decree foreclosing the mortgages asserted by the plaintiff in that action and the mortgage asserted by Martha Chausse and an order and judgment that the property in question be sold by the sheriff in the following order, viz. tract 1 and tract 2 to be sold first, and the proceeds applied to the indebtedness secured by the first and second mortgages of the plaintiff; thereafter tract 3 to be sold, and the proceeds therefrom applied towards and payment of the balance, if any, due the plaintiff, and the remainder, if any, to the payment of the in-

debtedness secured by the third mortgage of Martha Chausse.

It is alleged that an order of sale was issued pursuant to said decree, and the property was advertised for sale by the sheriff, and sold on November 21, 1925; that the total sum adjudged due the plaintiff in that action and secured by the first and second mortgages was $3,839.04; that, at the sale, tracts 1 and 2 were bid in by, and sold to, the plaintiff in that action for $1,000 and $500 respectively; that tract 3 was then offered for sale, and the plaintiff bid the sum of $2,400 therefor, for which sum it was sold to her. The sheriff's costs and the plaintiffs' claims thus consumed all of the proceeds of the sales, leaving nothing to apply on the indebtedness of $1,522.60 due Martha Chausse. It is further alleged that, at the time of the sale, the tracts of real estate sold were of the fair and reasonable value as follows: Tract 1, $6,000, tract 2, $2,500, and tract 3, $1,500; that Martha Chausse was without means, and unable to bid for, or compete with the plaintiff in bidding for, tracts 1 and 2. The insolvency of the mortgagors Jensen and wife is alleged.

It is alleged that, when the sheriff's deed in the first foreclosure proceeding issued to Ora Lee for the three tracts of real estate, the Bank of Garland then owned the first and second mortgages upon the same; that, as Ora Lee had no beneficial interest in the property, but held the title solely and exclusively for the bank, the bank, by virtue of the deed to Ora Lee, became the actual owner of the property, and thereupon the title and interest of the bank as mortgagee under and by virtue of the first and second mortgages merged into and with the title acquired by the deed, with the result that the third mortgage of Martha Chausse became a first lien upon tract 3 of said real estate, and that, to prevent such a merger, the Bank of Garland thereafter caused the foreclosure proceedings upon the said first and second mortgages to be conducted in the name of

Elva Christensen as plaintiff, but, in fact, for the sole use and benefit of itself, and that the tracts of real estate nominally bid in and purchased by the said Elva Christensen were in fact purchased, and are now owned, by the bank; that at the sheriff's sale the bank, to prevent any part of the proceeds of the sale of tract 3 from being applied to the mortgage indebtedness of Martha Chausse, and to prevent Martha Chausse from purchasing tract 3, made a bid of $1,000 for tract 1 when it knew the value thereof was $6,000, made a bid of $500 for tract 2 when it knew the value thereof was $2,500, and then made a bid of $2,400 for tract 3 when it knew the value thereof was but $1,500; that in such manner the said bank and the said Ora Lee and Elva Christensen conspired and contrived to prevent, and succeeded in preventing, any part of the proceeds of said sheriff's sale from being applied on the claim and mortgage of the plaintiff, Martha Chausse.

Upon substantially the foregoing allegations the plaintiff prays that the foreclosure sale of tract 3 to Elva Christensen be set aside; that the defendants be adjudged to have no right, title, or interest in tract 3 of said real estate adverse to the plaintiff; that the amount due plaintiff on her third mortgage be adjudged a first lien on said tract 3, and that the same be ordered sold to satisfy the amount due the plaintiff; with interest and costs, etc.

The case is submitted upon the theory that the facts alleged in the complaint and admitted by the demurrer are sufficient in law to effect a merger of the liens of the first and second mortgages into the higher estate of the Bank of Garland which it obtained by the transfer of the title for its use and benefit by the sheriff's deed to Ora Lee upon the foreclosure of the fourth mortgage, thereby advancing the plaintiff's third mortgage upon tract 3 to a first lien upon that property. It is contended that under the circumstances of the case such conclusion is necessary to promote substantial justice and

to prevent a fraud and unconscientious wrong being perpetrated upon the plaintiff.

Putting aside the question of whether the plaintiff is not now bound by the judgment in the action commenced by Elva Christensen wherein the respective priorities of the first, second, and third mortgages were adjudged, the claim of merger cannot be sustained.

"In law a merger always takes place when a greater estate and a less coincide and meet in one and the same person, in one and the same right without any intermediate estate. * * * The intention and interest of the party who unites the two estates in himself will determine whether or not a merger takes place. Where a mortgage incumbrancer becomes the owner of the legal title, or of the equity of redemption, a merger will not be held to take place if it be apparent that it was not the intention of the owner, or if, in the absence of any intention, the merger would be against his manifest interest." 2 Jones on Mortgages (8th Ed.) § 1080, p. 508.

"There is, generally, an advantage to the mortgagee in preserving his mortgage title, and when there is, no merger takes place. It is a general rule, therefore, that the mortgagee's acquisition of the equity of redemption does not merge his legal estate as mortgagee so as to prevent his setting up his mortgage to defeat an intermediate title, such as a second mortgage or a subsequent lien, unless it appears to have been the intention of the parties and justice requires it; and such intention will not be presumed where the mortgagor's interest requires that the mortgage remain in force." Id. § 1104, p. 542.

To the same effect is 21 C. J. 1033, 1034, and the following and many other cases, viz.: Factors' & T. Ins. Co. v. Murphy, 111 U. S. 738, 4 S. Ct. 679, 28 L. Ed. 582; Lowman v. Lowman, 118 Ill. 582, 9 N. E. 245; Nagle v. Conrad, 79 N. J. Eq. 124, 81 A. 841. Quick v. Raymond, 116 Mich. 15, 74 N. W. 189; Smith v. Swan, 69 Iowa 412, 29 N. W. 402; Anglo-Californian Bk. v. Field, 146 Cal. 644, 80 P. 1080.

From the facts alleged in the complaint it plainly appears that plaintiff's mortgage is an intermediate claim or estate

between the two estates contended to have been merged; that the merger contended for is against the manifest interest of the defendant bank; and that the bank, by taking the conveyance under the first foreclosure sale in the name of a trustee, and afterwards asserting and foreclosing its first and second mortgages in the name of another trustee, clearly manifested its intention to keep the estates separate and to avoid a merger. These are considerations which make the claim of merger insupportable.

The allegations of the complaint concerning the disproportionate bids of the defendant bank for the several tracts of real estate at the last foreclosure sale present no independent grounds for legal redress. Judicial sales, otherwise regular, may not be impeached for disproportionate or inadequate prices. The right of the complaining party to bid higher, or, as in this case, to redeem any one of the tracts sold, is the protection which the law affords from the matters complained of. The hardship resulting to the plaintiff in the present case arose out of the failure of the bank to make higher bids for tracts 1 and 2 of the real estate sold. The amount a prospective purchaser shall bid at such sales cannot be regulated by law. There being no irregularity or wrongful or unlawful act alleged in the proceedings it follows that the complaint failed to state a cause of action. The demurrer was therefore properly sustained and the action dismissed.

Judgment affirmed.

THURMAN, C. J. and STRAUP, HANSEN, and GIDEON, JJ. concur.