(Nos. 4949, 5011.   July 24, 1930.)

THE FEDERAL LAND BANK OF SPOKANE, a Corporation, Appellant, v. HENRY P. CURTS et al., Respondents.

[290 Pac. 402.]

Geo. H. Van de Steeg and John C. Rice, for Appellant.

Geo. Donart, for Respondent R. E. Wilson & Son, Inc.

BUDGE, J.—The Federal Land Bank of Spokane was plaintiff in two actions against Curts and others to foreclose a real estate mortgage, as mortgagee. The transcript in the one case (No. 4949) shows all the defendants defaulted, decree of foreclosure was entered and order of sale made, the sale to occur March 27, 1926. In a letter to the sheriff of Washington county (by whom the sale was to be conducted) dated March 4, 1926, the attorney for the plaintiff, Federal Land Bank, asked to be advised of the date of sale, and stated: ''The plaintiff above named desires and does hereby make its bid for all of the property to be sold herein'' in a sum named. ''Will you kindly file this bid in behalf of plaintiff and accept the same as made by plaintiff at the sale when the sale is held?'' The sheriff replied, giving the date of sale and stating the amount of sheriff's costs on the bid. At the time set for the sale the only bidder present was one R. E. Wilson, president of R. E. Wilson & Son, Inc., which was assignee of a second mortgage covering a portion of the property. Of the entire tract of 400 acres, 240 acres thereof were knocked down to Wilson in 40-acre tracts for $50 each, or a total of $300. The bid of appellant, Federal Land Bank, of $8,700, was disregarded.

Appellant filed a motion to set aside the sale, mainly on the grounds that the sale was conducted and made against law in that the officer failed to sell to the highest and best bidder, and that the price was grossly inadequate. The motion was denied and appeal was taken to this court. The two causes were consolidated for purposes of consideration by this court, and are reported in 45 Ida. 414, 262 Pac. 877, 45 Ida. 426, 262 Pac. 881. In the main opinion it was held appellant's written bid was valid and should have been considered by the officer conducting the sale, and the bid of the purchaser was grossly inadequate, ''so great indeed as to shock the conscience of the court.'' For these reasons, together with other circumstances incident thereto, the trial court was held to have abused its discretion in refusing to

set aside the sale. The order denying appellant's motion was vacated and a resale ordered. "Costs to appellant."

Notice of appellant's motion to set aside the sale was addressed to and served upon R. E. Wilson & Son, Inc., among others, and the motion was opposed by the latter in the district court. Notice of appeal was served upon the firm named and it alone of the respondents appeared in this court. After the judgment of this court reversing the order of the district court and awarding appellant costs in the sum of $58 and $63.40, *remittitur* was duly filed in the said district court.

Motions have now been made by appellant for an order directing the clerk of the district court to enter judgment against R. E. Wilson & Son, Inc., and others for the amounts of the costs awarded as aforesaid. While two motions have been filed, they may be considered together, differing only as to the amounts of the costs involved. In affidavits supporting the motions it is stated on information and belief that the clerk of the district court does not understand he has authority to enter judgment against R. E. Wilson & Son, Inc., since that corporation is not and was not named in the title to the foreclosure action. The motions have been presented and argued by counsel for appellant. The attorney for R. E. Wilson & Son, Inc., did not appear at the hearing of the motions but wrote a letter to the clerk stating notices of the motion had been received by him two days before the time set for hearing and that he would be unable personally to appear and asking the clerk to direct to the attention of the court that he did not want his absence construed as an admission of the soundness of the moving party's position. The letter of the attorney for Wilson & Son further stated:

"It seems to me that their (appellant's) action being a foreclosure of mortgage, is an action *in rem* and not one which entitles them to a personal judgment against R. E. Wilson & Son, but that they are merely entitled to judgment for their costs, the same to be paid out of the proceeds of the mortgaged property or collected by deficiency

judgment against the makers of the mortgage. I do not understand that if a contest arises by the various lien holders as to the priority of their respective liens that the prevailing party is entitled to a personal judgment for costs against the losing one. For all that appears on the record, a judgment was taken against Curts for costs, his land sold and the judgment actually collected."

Of whatever force this argument might be if applied to facts involving an action to foreclose a mortgage, to which the firm of R. E. Wilson & Son might have been a party, it fails of application when it is remembered that firm was not a party to the action to foreclose the mortgage, and as a bidder and purchaser at the execution sale was a total stranger, although possibly intending thereat in some manner to protect its interest as assignee of a second mortgage covering a portion of the property included in appellant's mortgage. The decree of foreclosure settled the rights to the property, and no privity in law existed at the time of the execution sale between the firm of R. E. Wilson & Son, Inc., and appellant as mortgagee or the mortgagor. The controversy does not involve any question about priority of different liens, appellant's lien having been recognized and adjudicated by the decree of foreclosure. Liability for costs arising under the foreclosure proceedings is not what constitutes the dispute, but rather is it a matter of determining whether the prevailing party in a subsequent and independent proceeding shall have judgment for costs against the losing party, the latter not being in a position to claim any rights to the property by reason of the foreclosure action.

When R. E. Wilson & Son, Inc., became the purchaser of the property at execution sale it voluntarily submitted itself to the jurisdiction of the court and thereby became a party to the action from that time. (*Rice v. Ahlman,* 70 Wash. 12, 126 Pac. 66.) This is so at least in so far as questions arising from the sale are concerned, and the purchaser is subject to the future orders of the court

and entitled to notice in subsequent proceedings relative to the sale. (35 C. J., p. 72.) As hereinabove stated, R. E. Wilson & Son, Inc., was given notice of appellant's motion to set aside the sale, it appeared in the district court in opposition to the motion, it was served with notice of appeal from the order denying such motion, and it alone appeared in this court to defend the order of the district court.

A successful party in a motion to set aside an execution sale may be allowed costs. (15 C. J., p. 60, sec. 93.)

Costs on appeal in this court, when properly taxed and awarded, must be certified to the clerk of the court from which the appeal was taken, to be there entered as a judgment and to be enforced by execution as in the case of other judgments. (C. S., sec. 7219.) Entry of such judgment is purely a ministerial act required to be done by the officer of the court below. (C. S., 7172; *Mountain Home Lbr. Co. v. Swartwout*, 33 Ida. 737, 197 Pac. 1027.)

The decision of this court having awarded costs to appellant on the appeal from the order denying the motion to set aside the execution sale, it became the duty of the clerk of the district court to enter judgment against all the adverse parties. R. E. Wilson & Son, Inc., being a party to the action, it should be included in the judgment. The clerk of the district court is therefore ordered to enter judgment accordingly.

Givens, C. J., and Lee and McNaughton, JJ., concur.

Varian, J., did not participate in the opinion.