293 P.2d 957

**Mattie O. GASKILL, a Widow, Plaintiff-Respondent,**

**v.**

**Bernice NEAL, Defendant-Appellant,**

**M. W. Crouch, as Administrator of the Estate of F. E. Neal, deceased, and Alvin R. Madsen, Defendants.**

**No. 8261.**

Supreme Court of Idaho.

Feb. 21, 1956.

Nielson & Nielson, Burley, for respondent.

S. T. Lowe, Kales E. Lowe, Thomas H. Church and Herman E. Bedke, Burley, for appellant.

430

**ANDERSON, Justice.**

This is an appeal from an order granting a motion to set aside a sale of real estate and a certificate of redemption made by the sheriff of Cassia County, Idaho, pursuant to a decree of foreclosure.

January 10, 1950, Bernice and F. E. Neal, husband and wife, gave a promissory note and a securing mortgage for $7,500 to Mattie O. Gaskill, plaintiff and respondent, the mortgage incumbering personalty consisting of a hoist or lift, an air compressor, gasoline pumps and tanks, and lubsters, and realty described as lots 7 and 8, block 5, Miller's First Addition to Burley, Idaho. In January, 1951, Alvin R. Madsen obtained a judgment against the Neals which became a lien against the mortgaged real property, but subsequent to and subject to the lien of the said mortgage.

March 2, 1953, Neal died intestate, and thereafter M. W. Crouch was appointed administrator of his estate. Thereafter respondent brought foreclosure proceedings, and waived recourse against any other property of the decedent. She made as defendants Bernice Neal; M. W. Crouch, as said administrator; and Alvin R. Madsen, the aforementioned judgment creditor. Judgment was obtained in the sum of $11,-086.81, and foreclosure sale ordered, but no provision was made for any deficiency judgment.

The sheriff's sale was held June 30, 1953. The personal property was sold first, for various amounts, part to Mrs. Gaskill and part to Madsen, after which Madsen's attorney requested that the real property be sold in two parcels. This was done, the sheriff selling first lot 7, on which Madsen's attorney bid $200, and Jess Parsons, as agent for Mrs. Gaskill, bid $201, which was the highest bid, and the property was declared sold to Mrs. Gaskill. The trial court found that the identical thing happened relative to lot 8, except that after Jess Parsons, agent for Mattie O. Gaskill, bid $201, and before the property had been sold, he requested permission to withdraw his bid and bid the entire amount due under the judgment, less the amounts he had previously bid. Madsen's attorney objected, and the sheriff refused Parsons' request, and the property was sold to respondent, Mrs. Gaskill, for $201.

The above-mentioned facts are not disputed, but the evidence is conflicting as to whether or not any objection was made at the time Madsen's attorney requested that the property be sold in two parcels. Lots 7 and 8 run east and west, and the buildings thereon north and south, or substantially so. A fence separated portions of the lots.

on which the house and the garage are located, but the fence goes through both lots, and does not follow the dividing line of the lots, and the house rests partly upon each lot, and so does the garage. The evidence discloses that the sheriff knew of the cross-wise location of the buildings prior to the commencement of the sale, he having been so informed by M. W. Crouch and Jess Parsons. They requested that the lots be sold as one parcel.

After the foreclosure sale, Melvin Cook, son and agent for appellant Bernice Neal, negotiated on many occasions with Jess Parsons, agent for respondent. They agreed that Parsons would try to sell the property at private sale, pay the amount due respondent on her judgment, and the balance, if any, to appellant. One interested purchaser was found, but no sale consummated.

The negotiations continued until a few days before June 29, 1954, when appellant redeemed the real property at 4:25 p. m. for the sum of $402 plus costs, making a total of $426.12, which money is still being held by the sheriff. At this time the property was worth approximately $11,000. June 30, 1954, the last day of the period for redemption, respondent made a motion to set aside the foreclosure sale and the certificate of redemption, which motion was amended September 3, 1954. After a hearing on the amended motion, at which evidence was produced, the district court on November 3, 1954, held that the sheriff's sale and certificate of redemption were void, and ordered that a re-sale be made of the property. From this order Bernice Neal prosecutes this appeal.

She sets forth several assignments of error; but as we see it the main and determinative questions in this case are whether or not the foreclosure sale and the redemption were valid and legal, and whether respondent was guilty of laches in bringing this action.

Generally, a motion or other similar application to set aside an execution sale must be made promptly and without unreasonable delay, but there is no universal rule fixing the period of time within which the application may and must be made. 33 C.J.S., Executions, § 238 b, p. 497. Respondent explains her delay in moving to set aside the sale in that the negotiations between the parties in an effort to sell the property for enough to pay the full amount of the judgment and to leave a balance over for the appellant lulled her into a false security. A party may be estopped from urging the defense of laches where his conduct contributed to the delay. Austin v. Hallmark Oil Co., 21 Cal.2d 718, 134 P. 2d 777, 787; Nadel v. Zeligson, 207 Okl. 658, 252 P.2d 140, 145.

Appellant contends that both the sale and redemption were valid. She further contends that if the court should hold

that they were not, because the sale of the property was made in two separate lots rather than as one parcel, the respondent cannot complain because she was the purchaser of each lot. Under the facts of this case it does not seem any more reasonable to sell the lots separately than it would be to sell separately gloves, shoes or other articles that go in pairs and are used as such. Both the house and the garage were built partly on each lot.

It is apparent that lots 7 and 8 were used as one unit or parcel, and that the purported sale as two units caused confusion. Under the facts and circumstances of this case, the fact that respondent was the purchaser of both lots did not cure the irregularity, and the highest amount offered to be bid at the sale was not accepted by the sheriff. The sale was not conducted in compliance with I.C. § 11–304. See also 37 Am.Jur., Mortgages, sec. 627, pp. 94–95. A bidder has the right to withdraw his bid at any time before the property is knocked down to him, and the sheriff has no authority to prescribe conditions which deprive the bidder of this right. 33 C.J.S., Executions, § 214, p. 461.

In the case of Federal Land Bank of Spokane v. Curts, 45 Idaho 414, 262 P. 877, parcels of a farm had been sold separately, and the sheriff had ignored a much higher written bid for the entire tract. The court set aside the sale, and said, 45 Idaho at page 424, 262 P. at page 880:

"* * * Since this land is contiguous, and is owned and farmed as one tract, and there are no peculiar marks or circumstances to distinguish one 40-acre piece from another, from the standpoint of use or enjoyment, it cannot be said, as a matter of law, that it is divided into separate known lots or parcels, requiring the officer to sell in separate parcels. Elston v. Hix, supra [67 Mont. 294, 215 P. 657]."

The general rule is that where there is no division of the mortgaged property into parcels adapted for separate and distinct enjoyment, the property should be sold as a whole, unless the party interested should show in some intelligible manner the distinct manner in which the property might be profitably divided for sale. 37 Am.Jur., Mortgages, sec. 694, p. 138. No such showing was made or even attempted in the case now before us. Madsen had no right to direct the order in which the lots should be sold. Federal Land Bank of Spokane v. Curts, supra.

If the sheriff's sale is permitted to stand, appellant has paid only $426.12 for $11,000 worth of property. This is grossly inadequate consideration, and when taken with the other facts and circumstances of this particular case, we are of the opinion that they were sufficient to warrant the trial court in setting aside the sheriff's sale and the certificate of redemption.

■ The Utah Supreme Court, in the case of Commercial Bank of Utah v. Madsen, 120 Utah 519, 236 P.2d 343, 344, in considering this question, stated:

"The general rule as to discretion of the trial court in cases involving inadequacy of consideration is stated in 59 C.J.S., Mortgages, § 750, p. 1382, as follows: ' * * * Each case depends largely on its own peculiar facts; and whether the circumstances, coupled with inadequacy of price, are sufficient to warrant setting aside the sale is a matter largely within the discretion of the trial court.' See also: Chausse v. Bank of Garland, 71 Utah 586, 268 P. 781; Cole v. Canton Mining Co., 59 Utah 140, 202 P. 830; National Realty Sales Co. v. Ewing, 55 Utah 438, 186 P. 1103."

As a general rule, mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale, but it is uniformly held that gross inadequacy of consideration, coupled with very slight additional circumstances, is sufficient. Federal Land Bank of Spokane v. Curts, 45 Idaho 414, 425, 262 P. 877; Fiolle v. First Nat. Bank of Thomas, 173 Okl. 501, 49 P.2d 145; Rastelli v. Zaca Mining Corp., 52 Cal.App.2d 507, 126 P.2d 368.

The order appealed from is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.