## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 36466

| | | |
|---|---|---|
| SIRIUS LC, a Wyoming limited liability company, | ) ) ) | |
| Plaintiff-Respondent, | ) ) | |
| v. | ) ) | Boise, September 2010 Term |
| BRYCE H. ERICKSON, and any person claiming under by or through BRYCE H. ERICKSON in and to the real property described as follows:  Caribou County, Idaho: Township 5 South, Range 46 E.B.M., Section 27: Lots 1 and 2, N½ NW¼, except therefrom the S½ NE¼ NW¼ NW¼, | ) ) ) ) ) ) ) ) ) | 2010 Opinion No. 126 Filed:  November 29, 2010 Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Caribou County. Honorable Mitchell W. Brown, District Judge.

The judgment of the district court is <u>affirmed</u>.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellant. Bryan D. Smith argued.

Able Law PC, Pocatello, for respondent. A. Bruce Larson argued.

_____

J. JONES, Justice.

Bryce H. Erickson appeals the foreclosure judgment against his real property located in Caribou County, Idaho, based on a note and mortgage he signed in favor of Sirius LC. We affirm.

### I.
### Factual and Procedural History

In October of 1998, Appellant Bryce H. Erickson retained Wyoming attorney William D. Bagley to assist him in a Chapter 11 bankruptcy proceeding in the state of Wyoming. Both Erickson and Bagley lived in Wyoming at the time, although Erickson owned real property in

Caribou County, Idaho. The Chapter 11 proceeding was dismissed by the bankruptcy court for procedural deficiencies in May of 1999. Nonetheless, Erickson again approached Bagley to represent him in a Chapter 12 bankruptcy proceeding several months later. Bagley agreed, on the condition that Erickson sign a promissory note in favor of Sirius LC, a Wyoming limited liability company wholly owned by Bagley and his wife. The note amount was said to equal the outstanding legal fees incurred by Erickson for the Chapter 11 proceeding.

The promissory note, which Erickson signed on November 13, 1999, states "[f]or value received, the undersigned Bryce H. Erickson promises to pay Sirius LC...the sum of [$29,173.38] bearing 10% interest due and payable on June 1, 2001." Erickson also signed a mortgage to secure the note. Both the mortgage and note contained a provision for reasonable attorney fees in the event of legal action to collect or foreclose.

Several days after signing the instruments, Bagley filed a Chapter 12 bankruptcy petition on behalf of Erickson. Bagley also assisted Erickson in filing a Chapter 12 plan, filing various motions with the bankruptcy court, and negotiating with his creditors. However, Bagley was dismissed as Erickson's counsel in June of 2000 when the bankruptcy court learned of Bagley's ownership interest in Sirius, a creditor of the estate.

Erickson's new attorney, Ms. Shively, moved to release the estate from the note and mortgage in 2003 based on alleged misconduct by Bagley. The bankruptcy court denied the motion, indicating Erickson should file an adversary proceeding if he wished to challenge the indebtedness. However, Erickson did not file an adversary proceeding and approximately one month after the motion to release was denied, Sirius filed this foreclosure action in Idaho.

Erickson raised several affirmative defenses in the foreclosure action, claiming the note was invalid and unreasonable because of Bagley's alleged misconduct during the bankruptcy proceedings. Erickson moved for summary judgment on the ground that Sirius failed to provide consideration for the note, and moved to compel production of documents relating to his affirmative defenses. The district court denied Erickson's motion for summary judgment but, without a motion by either party, granted summary judgment in favor of Sirius, dismissing Erickson's remaining affirmative defenses, as well as his motion to compel. These matters were appealed to this Court in *Sirius LC v. Erickson*, 144 Idaho 38, 156 P.3d 539 (2007) [hereinafter *Sirius I*]. In *Sirius I*, the Court held Bagley could provide the consideration to support the note in favor of Sirius, but we declined to "opine as to the adequacy of the consideration." The Court

2

ruled, however, that the district court erred in granting summary judgment in favor of Sirius on the other defenses because no summary judgment motion had been presented to the court by either party. We therefore vacated both the dismissal of Erickson's remaining affirmative defenses and the ruling on his motion to compel.

Upon remand, the district court held a bench trial wherein Erickson admitted to the validity of the note and mortgage subject only to his affirmative defenses. The affirmative defenses included fraud, duress, mistake, violations of consumer protection statutes, inadequate consideration, and attorney malpractice. The district court found Erickson's affirmative defenses were either inapplicable to Sirius or unsupported by the evidence. The court further held the consideration given in exchange for the note and mortgage was adequate and found the amount of the note to be reasonable. The court entered judgment in favor of Sirius for the amount of the note, plus interest, and ordered foreclosure against the Caribou County real property. The court also awarded attorney fees and costs to Sirius, finding Erickson had waived any objection to the award because he failed to file a timely objection pursuant to Idaho Rule of Civil Procedure 54(d)(6). Erickson moved for reconsideration and for a new trial, but the district court denied both motions. Erickson timely appealed to this Court.

## II.
### Issues on Appeal

I.      Did the district court err in dismissing Erickson's affirmative defenses?

II.     Did the district court abuse its discretion in excluding expert testimony proffered by Shively?

III.    Did the district court abuse its discretion in permitting expert testimony by Bagley?

IV.     Is either party entitled to attorney fees on appeal?

## III.
### A.      Standard of Review

When reviewing a judgment of the district court following a bench trial, this Court is "limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law." *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009). Findings of fact will not be overturned unless clearly erroneous, *see* Idaho R. Civ. P. 52(a); "however, we exercise free review over issues of law." *American Pension*

3

*Services, Inc. v. Cornerstone Home Builders, L.L.C.*, 147 Idaho 638, 641, 213 P.3d 1038, 1041 (2009).

### B. Erickson's Affirmative Defenses Are Inapplicable Against Sirius

Erickson raised a number of affirmative defenses in this foreclosure action, almost all of which were related to Bagley's alleged misconduct during the Chapter 11 bankruptcy proceeding. Specifically, Erickson argued that he was entitled to partial or complete relief from any obligation under the note based on a variety of alleged misconduct by Bagley, including fraud, duress, mistake, Consumer Protection Act violations, inadequate consideration, and attorney malpractice. Erickson argues these defenses are applicable against Sirius pursuant to the law of the case in *Sirius I*, and because Sirius is the equitable assignee of Bagley's accounts receivable, thereby subjecting Sirius to any defenses Erickson would have as against Bagley.

Sirius argues Erickson failed to join Bagley as a party and is therefore precluded from asserting his affirmative defenses against either Bagley or Sirius. It further argues that Erickson failed to litigate his malpractice claim in the bankruptcy court and is thus barred by res judicata or judicial estoppel from raising Bagley's misconduct as a defense in this foreclosure proceeding. The district court held that Erickson failed to provide any legal basis for applying the defenses against Sirius and that they could not be asserted against Bagley since he had not been joined as a party to the action. Additionally, the court found that while piercing the veil of Sirius was impliedly raised, Erickson failed to demonstrate the inequity that would cause Sirius to be treated as Bagley's alter ego. In the alternative, the district court held there was insufficient evidence to support the application of the affirmative defenses against Sirius. Because we conclude Erickson's affirmative defenses are inapplicable against Sirius, we need not address Sirius' claims of estoppel and res judicata.

Other than his claim that the note is not supported by adequate consideration, it is clear that Erickson does not contend his affirmative defenses are directly applicable as against Sirius. Sirius is obviously not a lawyer and not subject to claims of violation of professional conduct standards or attorney malpractice. There is no allegation that Sirius, itself, committed fraud, duress, Consumer Protection Act violations, or the like. Thus, to prevail on the claims alleged in his affirmative defenses, Erickson needed to show that the alleged misconduct of Bagley was properly imputed to Sirius.

4

Idaho recognizes that a limited liability company (company) is a separate legal entity "distinct from its members." *See* I.C. § 30-6-104(1).[1] As a separate legal entity, affirmative defenses regarding the misconduct of a company's member are inapplicable against the company, unless the claimant demonstrates that the company is actually the alter ego of the member. To prove that a company is the alter ego of a member of the company, a claimant must demonstrate "(1) a unity of interest and ownership to a degree that the separate personalities of the [company] and individual no longer exist and (2) if the acts are treated as acts of the [company] an inequitable result would follow." *Vanderford Co. v. Knudson*, 144 Idaho 547, 556–57, 165 P.3d 261, 270–71 (2007).

Erickson never expressly raised the veil-piercing theory before the district court, nor has he argued it to this Court on appeal. Erickson apparently chose not to file suit against Bagley in the courts of Wyoming, feeling he had the right to cause Sirius to answer for Bagley's alleged misconduct in this foreclosure action. In oral argument before the Court, he claimed that he would not have been able to obtain Idaho jurisdiction over Bagley in order to require him to personally account for his misdeeds and, therefore, should be able to pursue his claims directly against Sirius. What Erickson overlooks is that in order to prevail he must present a valid legal theory that would allow imputation of Bagley's actions to Sirius. This he has not done. In answer to his jurisdictional claim, it might be pointed out that there would have been no jurisdictional problem, had he alleged and proven in district court that Sirius was merely the alter ego of Bagley. That is, since the court had jurisdiction over Sirius, the alter ego of Bagley, it also would have had jurisdiction over Bagley, if Erickson had proven they were one and the same person. *See, e.g., Wells Fargo & Co. v. Wells Fargo Exp. Co.,* 556 F.2d 406, 420–21 (9th Cir. 1977) (holding personal jurisdiction over foreign shareholder could be achieved by piercing corporate veil of state corporation). Since the record does not establish that Sirius is Bagley's alter ego, this Court will not apply affirmative defenses against Sirius that are based on Bagley's alleged misconduct.

---

[1] This Court recognizes that Wyoming law would typically govern most issues in this case, including the alter ego theory and the legality of the note as affected by alleged violations of Wyoming's rules of professional conduct. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 202, 307 (1971). The district court applied Idaho law in deciding the case. Because neither party has appealed this issue, it is waived. *See*, *e.g.*, *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

Erickson's adequacy of consideration argument is the only defense not dependent on an alter ego theory because every contract requires some consideration to be valid. Erickson does not argue that no consideration existed for the Sirius note, but rather argues it was inadequate. However, "this Court will not inquire as to the adequacy of consideration as bargained for by parties to an agreement" so long as some consideration is provided. *See, e.g.*, *Boise Tower Assocs., LLC v. Hogland*, 147 Idaho 774, 780, 215 P.3d 494, 500 (2009). While limited exceptions to considering adequacy of consideration exist, such as where a contracting party is acting under duress, *see generally Enders v. Wesley W. Hubbard & Sons, Inc.*, 95 Idaho 590, 593, 513 P.2d 992, 995 (1973), the district court specifically found there was insufficient evidence for any such allegation in this case, and this limited exception is "not a safeguard against imprudent and improvident contracts except in cases where it appears that there is no bargain in fact." RESTATEMENT (SECOND) OF CONTRACTS § 79, cmt. C (1981) Because Bagley agreed to represent Erickson in the Chapter 12 only upon execution of the note and he thereafter filed Erickson's Chapter 12 bankruptcy petition and an initial plan and negotiated with creditors, there was some consideration for the Sirius note and there are no grounds in this case, at least as presented to this Court, for considering the adequacy of such consideration.

Erickson's law of the case argument is also without merit because the Court did not hold in *Sirius I* that Erickson's affirmative defenses are applicable against Sirius. Rather, the Court merely *vacated* the district court's sua sponte grant of summary judgment dismissing Erickson's affirmative defenses. 144 Idaho at 43, 156 P.3d at 544. There was no affirmative ruling in Erickson's favor with respect to the affirmative defenses.

Finally, Erickson's equitable assignment theory—that Sirius took the note subject to all defenses Erickson had against Bagley—is raised for the first time on appeal. While equitable assignments are recognized in other jurisdictions,[2] the issue has never been addressed by this Court and will not be considered when the theory was not presented to and ruled upon by the district court.

---

[2] *See*, *e.g.*, *In the Matter of Chipman-Union*, *Inc.*, 330 B.R. 851, 855 (M.D. Ga 2005) (recognizing equitable assignment as the "transfer of a present interest that for one reason or another does not amount to a legal assignment."). *See also* 6 AM. JUR. 2D *Assignments* § 5 (2010) (recognizing a basis for equitable assignments granting title to the assignee where there "is an intention on one side to assign and an intention on the other to receive, if there is valuable consideration [exchanged].").

Although the record contains evidence that raises concern about Bagley's conduct in representing Erickson in the bankruptcy proceedings, Erickson chose not to make Bagley a party to this action or to present a viable legal theory that would cause Sirius to have to answer for Bagley's alleged misconduct. That being the case, we affirm the decision of the district court.

### C.    Experts

During the bench trial in this case, the district court prohibited Shively from testifying as an expert on matters characterized as an issue of damages because Shively had earlier testified that she was not an expert in the area of damages. Erickson argues this exclusion is an abuse of discretion because Shively's testimony only involved the reasonableness of Bagley's Chapter 11 attorney fees, which was well within Shively's qualifications, considering her twenty-two years of experience in the bankruptcy field. However, Sirius argues that in addition to excluding her testimony due to her lack of qualifications on the matter of damages, Shively's testimony was also excluded because she was not a disinterested witness, having represented Erickson in the Chapter 12 proceeding.

Conversely, the district court permitted Bagley to testify as an expert witness regarding the standard of care of an attorney in a bankruptcy proceeding, even though Bagley was not disclosed as a potential expert in compliance with the discovery timelines. The court reasoned that Bagley's disclosure as a potential witness had been made in a timely fashion and his expert opinion would be limited to that of an attorney. Erickson argues this decision, as well as the denial of his motion for continuance, adversely impacted his cross-examination of Bagley and amounts to an abuse of discretion. Sirius argues Erickson waived any objection to Bagley's expert testimony because his opinions were adequately covered during Bagley's deposition and Erickson knew Sirius intended to call Bagley as a fact witness.

"The admission of expert testimony is a matter committed to the discretion of the trial court, and we will not overturn the court's ruling absent an abuse of that discretion." *Chapman v. Chapman*, 147 Idaho 756, 760, 215 P.3d 476, 480 (2009). Similarly, the  decision "to exclude undisclosed expert testimony pursuant to I.R.C.P. 26(e)(4) is committed to the sound discretion of the trial court." *Schmechel v. Dillé*, 148 Idaho 176, 180, 219 P.3d 1192, 1196 (2009) (citing *Viehweg v. Thompson*, 103 Idaho 265, 271, 647 P.2d 311, 317 (Ct. App. 1982)). In determining whether the district court abused its discretion, this Court asks "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the

outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Chapman,* 147 Idaho at 760, 215 P.3d at 480. Even if expert testimony is excluded, the determination will not be disturbed on appeal where the error is harmless. *See Cramer v. Slater*, 146 Idaho 868, 878–79, 204 P.3d 508, 518–19 (2009).

The Court need not decide whether the treatment of the expert witnesses in this case constituted an abuse of discretion because the testimony of both experts is wholly irrelevant to any issue being decided by this Court, and therefore any errors of the district court are harmless. Shively intended to testify about the value of Bagley's work during the Chapter 11 bankruptcy proceeding. While the district court inaccurately characterized this proposed testimony as a matter of "damages," when it seems more accurately characterized as a valuation of legal services, which was well within Shively's area of expertise, it is not relevant to determination of the issues before the Court—whether affirmative defenses that may be applicable to Bagley can be asserted against Sirius. Bagley's work on Erickson's Chapter 12 bankruptcy met the basic consideration requirement to render the note valid, therefore any valuation of Bagley's work on the Chapter 11 proceeding is not relevant to any issue before this Court. Similarly, Bagley's testimony regarding the standard of care of an attorney in a bankruptcy proceeding is only relevant to Erickson's claims of malpractice, but does not affect Sirius. Because the expert testimony of both Shively and Bagley is irrelevant to any issues regarding enforcement of the Sirius note and mortgage, any error in the treatment of such testimony is harmless and need not be considered on appeal.

### D. Attorney Fees

Erickson argues that he should have prevailed in district court and should prevail on appeal and, therefore, should recover attorney fees for both proceedings, citing Idaho Code section 12-120(3). It should be noted that Erickson failed to appeal the award of fees against him at the district court level. Further, Erickson has not prevailed in either proceeding and he therefore has no basis to make a claim for fees.

Sirius argues it is entitled to attorney fees on appeal pursuant to the terms of the note and mortgage, as well as Idaho Code § 12-120(3). Attorney fees on appeal may be awarded to the prevailing party where an agreement between the parties provides for such an award. The note in this case states "the undersigned [Bryce Erickson] agrees to pay all expenses of collection

including a reasonable attorneys' fee." The mortgage also provides that should the mortgagee pursue foreclosure, "the Mortgagor [Erickson] hereby agrees to pay all costs of the same, including a reasonable attorney's fee." Therefore, Sirius is entitled to reasonable attorney fees on appeal.

## IV.
## Conclusion

We affirm the judgment of foreclosure against Erickson's Caribou County property. Costs and attorney fees on appeal are awarded to Sirius.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.