# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38666

<table>
<tr><td>

LEON PHILLIPS, an unmarried man, and
EARLINE CHANCE, an unmarried woman,

    Plaintiffs-Respondents-Cross
    Appellants,

v.

CAROLE BLAZIER-HENRY, an individual,

    Defendant-Respondent,

and

ROY JACOBSON,

    Intervenor-Appellant-Cross Respondent.

</td><td>

Boise, February 2013 Term

2013 Opinion No. 39

Filed: March 29, 2013

Stephen W. Kenyon, Clerk

</td></tr>
</table>

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. The Honorable Steve Verby, District Judge.

The judgment of the district court is <u>reversed</u> and the case is <u>remanded.</u>

Featherston Law Firm, Chtd., Sandpoint, for appellant. Brent C. Featherston argued.

Bistline Law, PLLC, Coeur d'Alene, for respondents. Arthur M. Bistline argued.

_____

J. JONES, Justice.

This is an appeal from an order setting aside a sheriff's sale of real property. The respondents, Earline Chance and Leon Phillips (collectively "Chance"), who are deed of trust beneficiaries and judgment creditors, failed to attend or bid at the sheriff's sale but claimed the successful bidder, appellant Roy Jacobson, obtained the property for a grossly inadequate price. The district court agreed and set the sale aside. We reverse.

1

# I.
## FACTUAL AND PROCEDURAL HISTORY

Between February of 2005 and August of 2007, Carole Blazier-Henry executed a series of promissory notes in favor of Chance. The notes were secured by a deed of trust on a less-than-twenty-acre parcel of real property owned by Blazier-Henry in Bonner County. Blazier-Henry failed to make timely payments on the notes, and on March 30, 2009, Chance filed a Complaint for Foreclosure of the deed of trust. Blazier-Henry did not answer the Complaint, and a default judgment was entered against her in the amount of $72,667.25, together with late fees and accrued interest on the principal balance at the rate of 10% per annum.

The court issued a Writ of Execution showing the amount owing to be $87,211.07, which included late fees, interest, and attorney fees. Chance levied upon Blazier-Henry's real property to satisfy the judgment. A sheriff's sale was set for June 2, 2009, at 10:00 a.m. in Bonner County. At the sheriff's sale, Jacobson purchased the real property for $1,000. Chance did not appear at the sheriff's sale, either personally or through counsel, and did not submit a credit bid.

Chance was represented by attorney Jovick during the foreclosure proceedings, until January 19, 2010, when attorney Bistline substituted in as counsel for Chance. On the date of the sheriff's sale, Jovick's paralegal received a call from the Bonner County Sheriff's Department informing her that the property had sold for $1,000. When the paralegal objected that the "credit bid was around Eighty Seven Thousand," the sheriff's employee responded that "she had nothing in writing regarding a credit bid." In an affidavit subsequently submitted to the district court, Jovick faulted Bonner County for failing to enter a credit bid on behalf of Chance. She asserted that in her experience in Kootenai County, it was common practice for the sheriff to provide a form that could be used by a judgment creditor in requesting a credit bid at a sheriff's sale. In this instance, Bonner County provided her with no such form.

On July 22, 2009, Jovick prepared a stipulation to set aside the sheriff's sale, which was signed by Bonner County's civil counsel on November 11, 2009, and entered in the court record on November 17, 2009. The stipulation provided that "[f]or factual reasons that will remain undisclosed, the Bonner County Sheriff's Department and [Chance] hereby stipulate to set aside said sale." The stipulation also provided that the Sheriff and Chance "agree that gross inadequacy of consideration, coupled with very slight additional circumstances is sufficient ground for setting aside the Sheriff's Sale as articulated by the Idaho Supreme Court in *Gaskill v. Neil* [sic], 77 Idaho

2

428 (1956)." Based on the stipulation, the court entered an order setting aside the sheriff's sale on November 20, 2009.

On December 30, 2009, Jacobson filed a motion to quash the order setting aside the sheriff's sale and the court quashed the order. Thereafter, Jacobson moved the court to require issuance of the sheriff's deed for the property he purchased at the sheriff's sale. In response, Chance moved the court to set aside the sheriff's sale or, alternately, extend the redemption period. On May 5, 2010, a hearing was held to address the motions submitted by the parties, and on May 19, 2010, the court issued an Order Re: Motion to Set Aside Sheriff's Sale, whereby it set the sheriff's sale aside.

Jacobson then filed a motion to reconsider and a motion to amend the court's order. The court issued its decision on January 14, 2011, denying Jacobson's motion to reconsider and granting his motion to amend the court's order to reflect that Jacobson was entitled to all of the money he paid for the property plus attorney fees and costs and any lost profit or business opportunities.

On February 9, 2011, the Court entered its Final Judgment.[1] Jacobson appealed to this Court and Chance cross-appealed.

## II.
## ISSUES ON APPEAL

1. Did the district court err in setting aside the sheriff's sale?
2. Did the district court err in making its valuation of the property?
3. Did the district court err in granting equitable relief?
4. Is Jacobson's appeal moot because he did not raise the issue of redemption on appeal?
5. Is either party entitled to attorney fees on appeal?

## III.
## DISCUSSION

### A. Standard of Review.

"Whether to set aside an execution sale lies largely within the trial court's discretion." *Suchan v. Suchan*, 113 Idaho 102, 109, 741 P.2d 1289, 1296 (1986). "Each case depends largely

---

[1] Of interest is the fact that the Final Judgment says nothing about setting aside the sheriff's sale. The order setting aside the sale was an interlocutory order entered on May 19, 2010. The Final Judgment merely grants a monetary award to Jacobson in the amount of $1,000, representing a return of his purchase money, plus $744.33, representing property taxes he paid on the property, together with prejudgment interest on those amounts and together with attorney fees, costs, and any lost profit or business opportunities "as proven by separate filing."

on its own peculiar facts; and whether the circumstances, coupled with inadequacy of price, are sufficient to warrant setting aside the sale is a matter largely within the discretion of the trial court." *Gaskill v. Neal*, 77 Idaho 428, 433, 293 P.2d 957, 960 (1956). In determining whether the district court abused its discretion, this Court asks:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sirius LC v. Erickson*, 150 Idaho 80, 87, 244 P.3d 224, 231 (2010).

### B.    The district court erred in setting aside the sheriff's sale.

At the May 5, 2010 motion hearing, the district judge stated that "in balancing the equities, it appears appropriate under these circumstances to set aside the sheriff's sale or allow redemption." The district court found:

> [U]nder these circumstances and there does not appear to be any issue in terms of these material facts, that a $1,000.00 bid for the real property at issue was grossly inadequate and would be -- would constitute gross inadequacy of consideration. It does appear to be coupled with very slight additional circumstances, those circumstances as being shown from the record, the affidavits.

Fourteen days later the district court signed an order submitted by Chance, setting the sale aside. However, the district court's Memorandum Decision on reconsideration, stated:

> On reconsideration, there does not appear to be *very slight circumstances* accompanying the gross inadequacy of the price in this instance. Rather, this Court concludes that the disparity between the value of the real property sold and the successful $1,000.00 price paid is so grossly inadequate as to shock the judicial conscience.

The district court perceived the issue as one of first impression and indicated that no Idaho case law appropriately addressed the circumstances at hand. As a result, the court looked to 5 A.L.R. 4th *Inadequacy of Price as Basis for Setting Aside Execution or Sheriff's Sale–Modern Cases* § 794, in making its holding. The court stated, "The logic of the cases cited in 5 A.L.R. 4th 794 … holding that an execution sale should be set aside when the difference between the value of the property and the successful bid 'shocks the conscience' of the court is persuasive. Accordingly such reasoning is adopted."

On appeal, Jacobson argues that the district court erred in setting aside the sheriff's sale. Jacobson sets forth two related arguments. First, Jacobson asserts that the district court erred because it set aside the sale based solely on inadequacy of consideration, which by itself is not

sufficient to set aside a sheriff's sale in Idaho. Second, Jacobson asserts that the district court's adoption of the "shocks the conscience" standard for setting aside a sheriff's sale was in error because that is not the standard in Idaho.

Chance argues that the district court did not err in applying the "shocks the conscience" standard and correctly applied the standard. Chance contends that the law in Idaho allows a court to set aside a sheriff's sale if the price is so inadequate that it shocks the judicial conscience. Specifically, Chance argues that this Court's holding in *Gibbs v. Claar*, 58 Idaho 510, 75 P.2d 721 (1938), supports the district court's decision to set aside the sheriff's sale based solely on inadequate consideration. The Court in *Gibbs* stated:

> [A] sale will not be set aside for mere inadequacy of price unless that inadequacy be so gross as to shock the conscience, or unless there be additional circumstances against its fairness. But if there be great inadequacy, slight circumstances of unfairness in the conduct of the party benefited by the sale will be sufficient to justify setting it aside.

*Id.* at 520, 75 P.2d at 725 (quoting *Ballentyne v. Smith*, 205 U.S. 285, 290 (1907)). Jacobson argues that *Gibbs* does not apply here because it was a judicially-supervised sale of real property belonging to a defunct corporation rather than a sheriff's sale subject to Idaho's execution statutes.

The *Gibbs* decision is inapposite here. Indeed, it is not clear why the *Gibbs* Court included the *Ballentyne* quote in its decision. *Gibbs* was not a case involving a "great inadequacy" of price so the *Ballentyne* quote was not necessary to the decision. More importantly, *Gibbs* involved a judicially-supervised sale of property rather than a sheriff's sale conducted under Idaho's execution statutes. Third, *Gibbs* involved a circumstance against its fairness. The *Ballentyne* quote was *obiter dictum*.

The real property in the *Gibbs* case belonged to a defunct corporation and was sold in a private sale to Gibbs, the appellant, for $4,000 by three court appointed trustees. *Id.* at 513, 75 P.2d at 722. At a hearing where the trustees sought to obtain the district court's approval of the sale, the court declined to grant approval when it appeared "that further and larger bids might be made for said property." *Id.* at 514, 75 P.2d at 722. The court continued the sale for a week, providing notice that the property would be sold at that time to the highest bidder. *Id.* On the date of the public sale the court approved a bid of $5,026 submitted by another party. *Id.* at 516, 75 P.2d at 723. On appeal, this Court stated that "confirmation of a judicial sale is a judicial act necessitating the exercise of discretion." *Id.* at 521, 75 P.2d at 725. The Court noted that the sale

5

to *Gibbs* "was made without published notice" and determined that the district court did not abuse its discretion by rejecting Gibbs' bid, inviting the public to bid, and confirming the higher bid. Thus, it affirmed the district court.

*Gibbs* does not apply here, nor does the 5 A.L.R. 4th § 794 commentary that the district court relied upon for the "shocks the conscience" standard. This Court's decisions have set out a consistent and appropriate standard to apply in cases seeking to set aside a sheriff's sale conducted under Idaho's execution statutes. We stated that standard in *Federal Land Bank of Spokane v. Curts*: "As a general rule mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale, but it is uniformly held that gross inadequacy of consideration, coupled with very slight additional circumstance, is sufficient." 45 Idaho 414, 425, 262 P. 877, 880 (1927). We reiterated it in *Gaskill*, which involved a mortgage foreclosure. There, we said: "As a general rule, mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale, but it is uniformly held that gross inadequacy of consideration, coupled with very slight additional circumstances, is sufficient." 77 Idaho at 433, 293 P.2d at 960. This rule was reiterated in *Suchan* where we said, "[i]n general, gross inadequacy of price coupled with irregularities in the sale warrants vacation." 113 Idaho at 109, 741 P.2d at 1296.

In all of the reported cases where relief has been granted from a sheriff's sale involving a grossly inadequate purchase price, some additional circumstance was involved. In *Suchan*, this Court observed that, both in *Gaskill* and *Curts,* there had been not only an inadequate sale price, but the sheriff conducting the execution sale sold the property in parcels, rather than as a unit, at the direction of persons not authorized to direct the manner and order of the sale, and the sheriff also improperly ignored the highest bid offered at the sale and instead accepted a much lower bid. *Suchan,* 113 Idaho at 109, 741 P.2d at 1296. In *Tudor Engineering Co. v. Mouw*, 109 Idaho 573, 709 P.2d 146 (1985), the court granted an equitable right of redemption to a debtor where the real property executed upon and sold at the sheriff's sale produced a grossly inadequate purchase price and the judgment creditor failed to provide any of the interested parties with actual notice of the execution sale. *Id.* at 575, 709 P.2d at 148. The *Tudor* Court looked at two other cases for guidance―*Southern Idaho Production Credit Association v. Ruiz*, 105 Idaho 140, 666 P.2d 1151 (1983), where relief was granted to a judgment debtor because the sale price was grossly inadequate and the judgment debtor was incompetent, and *Steinour v. Oakley State Bank*, 45 Idaho 472, 262 P. 1052 (1928), where the judgment debtor was led to believe the judgment

6

creditor would allow him to extend the redemption period by one day and the sale price was grossly inadequate. *Id.* All of these cases had one additional fact in common—they were all cases in which the party injured by the grossly inadequate sale price and additional circumstance was the judgment debtor.

On the other hand, *Suchan* was a case where the judgment creditor sought relief for an alleged inadequate sale price. The judgment creditor levied on the judgment debtor's property for satisfaction of a debt in the amount of $100,000, plus interest. 113 Idaho at 108, 741 P.2d at 1295. A purchaser bought 800 acres of the real property levied upon for $12,000, assuming a mortgage in the amount of $59,000, for an effective price of $71,000. *Id.* at 110, 741 P.2d at 1297. The Court noted that the property had been appraised at $680,000, but evidence at the time of sale placed the value at $300,090. *Id.* The Court said that the low sale price was affected by water permit problems, a depressed market price for farm land, rock outcrops, the potential for further lien claims by the judgment creditor, and "the fact forced sales commonly produce low prices." *Id.* The *Suchan* Court did not find that the sale price was grossly inadequate but, more relevant to this case, found there was no irregularity in the sale. *Id.* The Court indicated that the judgment creditor's "misunderstanding of her legal rights, though unfortunate, is not an irregularity in the sale itself." *Id.* at 109, 741 P.2d at 1296. The Court also noted that, "[b]y [the judgment creditor's] failure to bid the $100,000 plus interest, [she] did not preserve her judgment lien for this amount." *Id.* at 108, 741 P.2d at 1295.

*Suchan* provides two items of interest for the present case. First, a misunderstanding of the law does not provide a "slight additional circumstance" for granting relief from a sheriff's sale, and the judgment creditor who fails to protect its interests in the sale might not find a sympathetic ear in the courts. In this case, Chance realized only $1,000 from the sale and lost the remaining value of the property by failing to submit a credit bid in any amount. Chance was the precipitating cause of the injury that she now seeks to have cured by the Court. If anybody was injured by Chance's inattention, it was the judgment debtor, Blazier-Henry, who lost the real property and only had $1,000 applied against the Chance judgment.

Chance argues that counsel Jovick's belief that a credit bid would be entered by the Bonner County Sheriff on her behalf constitutes a slight additional circumstance, allowing the execution sale to be set aside. However, Chance offers no authority for the proposition that an attorney's misunderstanding of the law constitutes a slight additional circumstance that, when

paired with an inadequate purchase price, warrants setting a sheriff's sale aside. The *Suchan* holding indicates quite to the contrary. In its decision on rehearing, the district court declined to find that counsel Jovick's lack of familiarity with the Bonner County foreclosure proceedings constituted even a slight additional circumstance. And, there is no legal authority to support the contention that a sheriff is obligated to enter a credit bid on behalf of a judgment creditor at a sheriff's sale when the judgment creditor has given no instructions to that effect. Without clear instruction from a judgment creditor, the sheriff does not know if the creditor wishes to submit a full credit bid, a partial credit bid or no credit bid. As a matter of fact, requiring a sheriff to enter a credit bid without proper authorization from a judgment creditor might well have the effect of subjecting the sheriff to liability.

Having laid out the circumstances where a sheriff's sale is properly set aside, the issue becomes whether the district court abused its discretion in setting aside the sheriff's sale in this case. To determining whether the district court abused its discretion, this Court asks:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sirius LC*, 150 Idaho at 87, 244 P.3d at 231.

The district court properly understood that the question of whether to set the sheriff's sale aside was a discretionary matter. However, the district court did not act consistently with the legal standards applicable to the specific choices available to it. This Court has not previously held that gross inadequacy of price, standing alone, provides grounds for setting aside a sheriff's sale. Our decisions have uniformly held that there must be some irregularity in the sale or other slight additional circumstance. There was no slight additional circumstance in this case that weighed in favor of setting the sale aside. Rather, additional circumstances weighed against Chance, the judgment creditor— first, Chance failed to protect her own interests by submitting a credit bid or attending the sale and, second, Chance failed to take timely action to try to obtain redemption of the property.[2] Thus, the district court erred in setting aside the sheriff's sale.

We therefore vacate the order setting aside the sheriff's sale and reverse the judgment. Reversal of the judgment moots two of the issues raised on appeal by Jacobson—whether the

---

[2] As the judgment creditor, Chance did not have a "right" of redemption under I.C. § 11-402, since I.C. § 11-401 grants that right only to the judgment debtor and any junior lien creditor. However, Chance could have sooner negotiated to obtain an assignment of Blazier-Henry's redemption right.

district court erred in valuing the property and whether Chance had an adequate legal remedy. Thus, we have no need to address those two issues.

###### C. The cross-appeal is without merit.

On cross-appeal, Chance claims that Jacobson's appeal is mooted by virtue of the fact that the district court provided Chance with two alternate forms of relief and Jacobson only appealed one form and not the other. Chance had moved to set aside the sheriff's sale or, alternately, extend the redemption period. At the May 5, 2010 hearing on the motion, after concluding that Chance was entitled to relief, the district court said:

> So in balancing the equities, it appears appropriate under these circumstances to set aside the sheriff's sale or allow redemption. And I am going to direct this back to counsel . . . . So I'm gonna wait for you all to talk, figure out what you want to do in light of my ruling and then submit an Order or have this noted again and we'll go from there.

After the motion hearing, Chance's counsel submitted an Order Re: Motion to Set Aside Sheriff's Sale that provides "[t]he matter having come before the Court on May 5th, 2010, and for the reasons set forth on the record in open Court, it is hereby Ordered that the sheriff sale which occurred on June 2nd 2009, is set aside." The order was entered on May 19, 2010.

Chance argues that this Court should not address the merits of Jacobson's appeal because the district court's ruling was premised on alternative legal theories and Jacobson has only challenged one—whether the sale should have been set aside. Chance asserts that because the court's ruling regarding the extension of the redemption period has not been appealed, the Court should consider Jacobson's case moot. Chance argues that it is moot because, even if this Court finds that the sale should not have been set aside, the lower court also ruled that the redemption period should have been extended.

Jacobson argues that Chance's alternative legal theory argument is "disingenuous at best" and asserts that at no point did the district court actually enter any relief extending the redemption period. Jacobson further contends that Chance abandoned her motion to extend the redemption period by failing to include it within any court order or raising it in any subsequent hearing.

Chance's alternative legal theory argument is wholly without merit. Chance confuses alternate legal theories for relief and alternate remedies. Here, there was only one legal theory for relief—seeking relief from the sheriff's sale based on equitable grounds. The district court

mentioned two remedies that have been allowed in such cases—setting aside the sheriff's sale and extending the redemption period. The judge did mention that either remedy might be available, leaving it up to the attorneys to select the appropriate one. Chance submitted the proposed order seeking the remedy of setting aside the sheriff's sale. It is disingenuous for Chance to now complain that both remedies were available and ordered by the court. The remedies are inconsistent but Chance nevertheless wishes to have the benefit of both. Multiple legal doctrines come to mind that would prevent Chance from prevailing on this argument: election of remedies, judicial estoppel, and waiver. However, the most powerful doctrine to apply to these facts is that of common sense or, better stated, you can't have your cake and eat it, too.

### D.       Neither party is entitled to attorney fees on appeal.

Both Jacobson and Chance argue that they are entitled to attorney fees on appeal under I.C. § 12-121. Both parties believe that the opposing party brought, pursued, or defended its case frivolously, unreasonably, or without foundation.

"In any civil action, the judge may award reasonable attorney's fees to the prevailing party." I.C. § 12-121. "An award of attorney fees under [I.C.] § 12-121 is not a matter of right to the prevailing party." *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009). However, this Court "permits the award of attorneys fees to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation." *Commercial Ventures, Inc. v. Rex M. & Lynn Lea Family Trust*, 145 Idaho 208, 218–19, 177 P.3d 955, 965–66 (2008). When deciding whether attorney fees should be awarded under I.C. § 12-121, the "entire course of the litigation must be taken into account and if there is at least one legitimate issue presented, attorney fees may not be awarded even though the losing party has asserted other factual or legal claims that are frivolous, unreasonable, or without foundation." *Michalk*, 148 Idaho at 235, 220 P.3d at 591.

Because the district court's decision to set aside the sheriff's sale is reversed, Jacobson is the prevailing party on appeal. As a result, Jacobson is eligible for attorney fees under I.C. § 12-121. However, Chance has not pursued or defended this case frivolously, unreasonably or without foundation. Thus, neither party is awarded attorney fees on appeal.

## IV.
## CONCLUSION

The order setting aside the sheriff's sale and the judgment are reversed. The case is remanded for further proceedings consistent with this opinion. Jacobson is awarded costs on appeal.

Chief Justice BURDICK, and Justices EISMANN, W. JONES and HORTON CONCUR.