## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 47074

| | | |
|---|---|---|
| **ROYAL VON PUCKETT,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Boise, June 2020 Term** |
| | ) | |
| v. | ) | **Opinion filed: July 27, 2020** |
| | ) | |
| **SHARON KAY BERGMANN,** | ) | **Melanie Gagnepain, Clerk** |
| **fka SHARON KAY SMITH,** | ) | |
| **fka SHARON KAY NOVOTNY,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Jason D. Scott, District Judge.

The judgment of the district court is <u>affirmed</u>.

Law Office of Vernon K. Smith, PC, Boise, for Appellant. Vernon K. Smith argued.

Swafford Law, PC, Idaho Falls, for Respondents. Ronald Swafford argued.

---

MOELLER, Justice

Royal Von Puckett made the winning $100 bid at a sheriff's sale for two unsatisfied divorce judgments totaling over $230,000. His attorney, Vernon K. Smith, was the judgment debtor on both judgments. Sharon Kay Bergmann, Vernon K. Smith's ex-wife, was the judgment creditor on both judgments. The district court concluded that the sale should be set aside because of grossly inadequate consideration and procedural irregularities associated with the sale. Puckett now appeals the district court's order setting aside a sheriff's sale and its subsequent ruling denying his motion for reconsideration. For the following reasons we affirm the judgment of the district court.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

In November 1999, Royal Von Puckett ("Puckett") received a judgment for the principal amount of $45,820.99 against Sharon Kay Bergmann ("Bergmann"), formerly known as Sharon

1

Kay Smith. He has renewed the judgment every five years. About a month before his last renewal, Puckett began proceedings to execute on the judgment by having the Ada County Sheriff levy upon and sell Bergmann's rights as a judgment creditor in her 1991 divorce case against Vernon K. Smith ("Smith"). Notably, Smith is not only Bergmann's ex-husband, but he is also Puckett's attorney in this collection action against her and the subsequent appeal. In the divorce proceedings, Bergmann received two money judgments against Smith: $202,526.13 awarded on February 11, 1991, and $34,770.16 awarded on January 6, 1999. These unpaid judgments have never been consolidated; rather, "they have been separately renewed on multiple occasions."

As instructed by Puckett through his counsel, the sheriff issued a Notice of Levy Under Writ Execution on October 23, 2014. It contained the following property description:

> THAT PERSONAL PROPERTY INTEREST PRESENTLY CLAIMED BY SAID SHARON K. SMITH, AS A JUDGMENT CREDITOR, IN *THAT CERTAIN JUDGMENT* SHE HOLDS WHEREIN SHE IS IDENTIFIED AND NAMED AS THE PLAINTIFF THEREIN, AND HER FORMER HUSBAND VERNON K. SMITH, IS NAMED AND IDENTIFIED AS THE DEFENDANT THEREIN, CASE NO. CV-DR-1990-12684.

(Emphasis added). Notice of this sheriff's sale was purportedly mailed to Bergmann and posted in three public locations across Boise, Idaho.

On November 13, 2014, the sheriff conducted the sale and Puckett won with a credit bid of $100. A certificate of sale issued on November 24, 2014. Because this bid amount was only $100—which is far less than the Sheriff's fees and costs for conducting the sale—Puckett's judgment against Bergmann increased from $173,226.70 to $175,392.06. Following the sale, the parties agree that Puckett assigned his interest in the judgment to his attorney, Smith, thereby allowing him to purchase his ex-wife's unsatisfied divorce judgments against him from 1991 and 1999 in the original principal amount of $237,296.29 for only $100.

On December 22, 2014, Bergmann filed a motion to set aside the sheriff's sale "due to the gross inadequacies of the sale price and the irregularities with the sale and sale process." Bergmann claimed she had received no notice of the sale and was unaware of it until a third party brought it to her attention on December 18, 2014. On February 6, 2015, the district court granted Bergmann's motion and set aside the sheriff's sale. The district court concluded that "the legal notices related to the sheriff's sale left unclear the particular property that was being levied upon and sold." In addition, the sale failed to yield a bid that would even cover the sheriff's fees,

2

"causing the total judgment debt to increase, rather than decrease." Finding these circumstances sufficient to set aside the sale, the court granted Bergmann's motion without addressing her remaining arguments on notice and other issues.

Puckett immediately initiated another writ of execution on the judgment within days of the district court setting aside the 2014 sheriff's sale, seeking a new sale to take place immediately. Puckett also filed a motion to reconsider. At this time, Bergmann filed a chapter 13 bankruptcy proceeding, which postponed the second sheriff's sale and initiated a five-year stay of Puckett's motion for reconsideration. After the bankruptcy court's order for stay was lifted in 2019, the parties' state court action resumed. Following renewed briefing on the motion to reconsider, the district court reviewed the legal standards it applied in determining to set aside the sheriff's sale and denied the motion, concluding that Puckett failed to identity any error in the court's previous analysis. Puckett timely appealed.[1]

## II.  STANDARD OF REVIEW

"When deciding [a] motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). Thus, "if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration." *Id.* Likewise, when reviewing a lower court's order regarding a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion. *Id.*

The decision of whether to set aside an execution sale "lies largely within the trial court's discretion." *Phillips v. Blazier-Henry*, 154 Idaho 724, 727, 302 P.3d 349, 352 (2013). "Each case depends largely on its own peculiar facts; and whether the circumstances, coupled with inadequacy of price, are sufficient to warrant setting aside the sale is a matter largely within the discretion of the trial court." *Id.* Therefore, this Court reviews the trial's court's decision for an abuse of discretion. *Id.* A trial court did not abuse its discretion where it "(1) correctly perceived

---

[1] Although we have used "Puckett" to describe the identity of the Appellant in this matter, we have only done so because that is how this case was captioned, briefed, and argued by the parties. There has been no attempt to formally replace Puckett with Smith as the real party in interest. However, it is undisputed that Puckett's interest in the judgment was assigned to his attorney, Vernon K. Smith, on or about November 17, 2014. Although the assignment was mentioned by both parties in their appellate briefing, there is not a copy of it anywhere in the record. However, in the proceedings below, Smith referenced this assignment at least four times in various documents filed with the district court. Additionally, during oral argument, Smith admitted that Puckett assigned his rights to him after obtaining a judgment against Bergmann, but before filing the motion for reconsideration.

the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.    ANALYSIS

### A.  The lower court did not abuse its discretion in setting aside the sheriff's sale.

Puckett argues that the district court abused its discretion in setting aside the sheriff's sale of Bergmann's judgments against Smith. In its order setting aside the sale, the district court found the sale price of $100 to be grossly inadequate because it was effectively "less than nothing" as it was less than the cost of the sale and actually increased the judgment debt. The district court concluded, based on the insufficient sales price, coupled with its earlier finding that the property description was inadequate, that the sale was correctly set aside. We agree with the district court's analysis.

Title 11 of the Idaho Code provides the statutory requirements governing sheriff's sales. For example, Idaho Code section 11-302 sets forth detailed notice requirements while section 11-304 articulates strict requirements regarding the conduct of a sale. Thus, once conducted, a sheriff's sale is "not immune from a collateral attack, as the sale may be set aside." *Safaris Unlimited, LLC v. Von Jones*, 163 Idaho 874, 884, 421 P.3d 205, 215 (2018). The general rule for vacating a sheriff's sale was laid out long ago in *Federal Land Bank of Spokane v. Curts*: "mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale, but it is uniformly held that gross inadequacy of consideration, coupled with very slight additional circumstances, is sufficient." 45 Idaho 414, 262 P. 877, 880 (1927). *See also Safaris*, 163 Idaho at 884, 421 P.3d at 215. Thus, vacating a sale "requires both grossly inadequate consideration and attendant 'additional circumstance[s.]' " *Safaris*, 163 Idaho at 885, 421 P.3d at 216.

Here, Puckett specifically argues that the district court (1) did not make a reviewable finding as to the approximate value of the sale, (2) failed to conclude whether there was grossly inadequate consideration, and (3) established no "irregularities" in the execution sale proceedings. On each issue, Puckett argues that the district court acted outside the bounds of its discretion, misapplied relevant legal standards, and failed to reach a decision based on reason. We will address each alleged abuse of discretion in turn.

### 1.  The district court made sufficient factual findings for judicial review.

Puckett suggests two potential outcomes to this Court. First, if the district court failed to create a sufficient factual finding for judicial review, then the case should be remanded back to the trial court. Second, and in the alternative, if the court accurately concluded the judgments would "not be worth very much," then Puckett's $100 bid was consistent with "the lower court's assessed valuation of the entire case file." In addition, Puckett argues that the property description was adequate because it referred to the purchase of "all of [Bergmann's] 'personal property interests' found within the case file, Smith vs. Smith, Case No. CV-DR-1990-12684," rather than a single judgment. Puckett's argument appears to raise two separate issues: (a) whether the district court made a factual finding on the value of the property sold, and (b) whether the district court abused its discretion in finding that the property description in the sale was inadequate.

### a. The district court's finding as to the amount of the judgments was sufficient in lieu of a specific finding as to value.

In its order denying Puckett's motion for reconsideration, the district court explained why it did not make a specific finding on the value of the property sold (the judgments), but still concluded that the sale price was grossly inadequate:

> Several years after the Court's [2015] decision was issued, the Idaho Supreme Court issued an opinion to the effect that, when a district court relies on price inadequacy in setting aside a sheriff's sale, it must make a factual finding as to the value of the property sold. *Safaris Unlimited, LLC v. Jones*, 163 Idaho 874, 886, 421 P.3d 205, 217 (2018). As a general matter, that's a reasonable requirement. Here, however, no such finding should be required (and none is being made). As already explained, [Bergmann's] judgment debt increased because of the sheriff's sale, as the winning bid was smaller than the sheriff's fees, which are added to the judgment debt. This anomalous outcome–the judgment debtor owing even more money after the sheriff's sale–justifies a finding that the sale price was grossly inadequate as a matter of law, no matter what the property sold was worth. That property couldn't possibly have been worth less than nothing, yet less than nothing is what [Bergmann] received for it. Any way you slice it, that's gross inadequacy.

In *Safaris*, this Court held that a district court erred in failing to make a sufficient finding as to the approximate value of the chose in action sold in a sheriff's sale. 163 Idaho at 886, 421 P.3d at 217. The district court in *Safaris* made general observations that the litigation "appeared to be" a lawsuit worth several hundred dollars, while simultaneously concluding that it was unsure which side owed the other money, if either. *Id.* This Court held that a finding on the litigation's approximate value "was critical" because the Court requires sufficient facts to make a proper

5

appellate review. *Id.* This Court is not a trier of fact, nor can it find facts on appeal. *Id.* (citing *Frontier Dev. Grp., LLC v. Caravella*, 157 Idaho 589, 595, 338 P.3d 1193, 1199 (2014)).

Here, as noted in its order, the district court did not make a specific valuation of Bergmann's judgments. However, both amounts awarded in Bergmann's divorce case were laid out in the district court's order setting aside the sheriff's sale: $202,526.13 awarded on February 11, 1991, and $34,770.16 awarded on January 6, 1999. Unlike tangible assets requiring an appraisal, these judgments were for a liquidated amount or a sum certain. The district court analyzed the bid and costs of the sheriff's sale to accurately conclude that the bid price fell below the amount of costs and fees charged by the Ada County Sheriff's Department. Because the bid did not even match the costs and fees, Bergmann's judgment debt to Puckett actually increased as a result of the sale. In other words, her judgments totaling over $200,000 were essentially valued by the sheriff's sale as "less than nothing."

The facts of this case are distinguishable from *Safaris* because the district court's finding regarding the value of the underlying judgments was a sufficient approximate valuation for this Court to review on appeal. The *Safaris* Court was analyzing the need for a fact to review. While that typically will require a specific numerical valuation, the district court here found the negative valuation implied by the winning bid was sufficient to conclude the bid was grossly inadequate. Thus, the district court made a finding sufficient for our judicial review.

**b. The district court did not abuse its discretion in finding that the property description in the sheriff's notice of sale was inadequate.**

The district court concluded that the property description in the sheriff's sale was inadequate because it failed to specify which of the two judgments from Bergmann's divorce action were for sale. Under Idaho Code section 11-703(1), a judgment creditor may instruct the sheriff to execute on "any credits or other personal property belonging to the judgment debtor, or is owing any debt to the judgment debtor." The sheriff then serves any person identified in the instructions with several documents, including "notice that such . . . property . . . [has been] attached." I.C. § 11-703(1). The district court applied these statutes in its analysis, although it cited different sections because these provisions of the Idaho Code were transferred to Title 11 in 2017. *See* I.C. § 8-507 (repealed 2017).

Here, Puckett sent a letter of instructions to the sheriff specifying that the "property interest to be attached" was "Sharon K. Smith's Interest in that *Certain Judgment*" in Bergmann's divorce. (Emphasis added). The sheriff's notice stated:

6

THAT PERSONAL PROPERTY INTEREST PRESENTLY CLAIMED BY SAID SHARON K. SMITH, AS A JUDGMENT CREDITOR, IN THAT *CERTAIN JUDGMENT* SHE HOLDS WHEREIN SHE IS IDENTIFIED AND NAMED AS THE PLAINTIFF THEREIN, AND HER FORMER HUSBAND VERNON K. SMITH, IS NAMED AND IDENTIFIED AS THE DEFENDANT THEREIN, CASE NO. CV-DR-1990-12684.

(Emphasis added). While the description cites the correct case number and names of the parties involved, the language specifies "that certain judgment" in the singular. Yet, the referenced case file contained two separate judgments that were never consolidated. Additionally, the language in the notice of sale mirrors the "that certain judgment" phrasing contained in Puckett's letter to the Ada County Sheriff's Office regarding the writ of execution. By using "judgment" and "interest" in the singular, the notice indicates that only one judgment owned by Bergmann was for sale—yet, it is unclear which of the two judgments Puckett was attempting to sell. It was Puckett's responsibility to specify the property to be executed upon, and he could have clarified the language easily by merely stating "any or all judgments" in the letter and notice, or by simply including the date of either or both judgments he was seeking. However, from his description ("that certain judgment"), no one could ascertain which judgment was to be executed upon, nor could Puckett specify which judgment he had purchased when he would inevitably try to enforce his rights.

This distinction between a singular or plural property description in the writ of execution is not a mere technicality—it is crucial in this case and cases like it. For example, if a sheriff received a writ of execution directing him to levy upon "that certain automobile" in a garage, and he went to the address provided and found three automobiles in the garage, would he be permitted to execute the writ by levying upon all three vehicles? This would clearly be impermissible. In such an instance, the judgment creditor would first need to specify the make and model, vehicle identification number, or license plate number of the automobile in order for the sheriff to levy upon the correct vehicle. Here, there were two distinct judgments in the file, bearing different dates and amounts due, yet the sheriff was asked to execute upon "that certain" unspecified judgment. As in the example, it was clearly impermissible to levy upon both. Therefore, the district court did not abuse its discretion in concluding that the property description was inadequate to identify the specific interest being sold. In reaching this conclusion, the district court acted within the bounds of its discretion, applied the relevant law, and based its decision on reason.

## 2. The consideration in this case was grossly inadequate.

In addition to finding that the writ of execution lacked a sufficient property description, the district court also concluded that consideration for the judgments was grossly inadequate. The court explained:

> [The sale] did not yield a sizeable bid. Instead, it yielded a [] bid in an amount too small to even cover the sheriff's fees, which are added to the judgment debt, causing the total judgment debt to increase, rather than decrease, as a result of the sale of Sharon Bergmann's rights in "THAT CERTAIN JUDGMENT." Thus, she received <u>less than nothing</u> through the sheriff's sale in return for those rights. Those rights might not be worth very much in a market-value sense, considering that the judgment debt owed by Vernon K. Smith remains unpaid after many years. But their market value, even if much smaller than the judgments' face value, seemingly cannot be less than zero dollars. Consequently, the effective sale price Sharon [Bergmann] netted at the sheriff's sale-less than zero dollars–is grossly inadequate or, if not grossly inadequate, at least too low, when considered in combination with the inadequate property description, to warrant upholding the sale as a valid one.

(Emphasis in original). Puckett argues that this language does not amount to a finding that the sale price was grossly inadequate, contending that the district court presented an "uncertain and rather confusing analysis" that failed to establish whether consideration was grossly inadequate or simply "too low."

Puckett's argument focuses on the phrases "if not grossly inadequate, at least too low," and "[t]hose rights might not be worth very much in a market-value sense." However, read as a whole, the district court is examining how Puckett's bid effectively rendered Bergmann's judgment worth "less than zero dollars." The district court's comments that Bergmann's judgments "might not be worth very much in a market-value sense," are a commentary on Smith's likelihood of ever paying the debt owed, not a determination of the monetary value of the debt. Likewise, the phrase "at least too low," appears to simply be an alternative presented by the court. Though an incorrect standard, especially after *Safaris*, it is merely a secondary thought that follows the first and primary conclusion: "Consequently, the effective sale price Sharon Bergmann netted at the sheriff's sale—less than zero dollars—*is grossly inadequate*."

This Court has repeatedly held that grossly inadequate consideration—when combined with attendant additional circumstances—warrants vacating a sheriff's sale. *Compare Tudor Engineering Co. v. Mouw*, 109 Idaho 573, 575–76, 709 P.2d 146, 148–49 (1985) (real property was purchased for $385.65 and shortly after sold by the purchaser for $49,000)*; Gaskill v. Neal*,

8

77 Idaho 428, 432, 293 P.2d 957, 960 (1956) (real property—a house and garage—worth $11,000 were erroneously segregated and sold off for only $426.12); *Fed. Land Bank of Spokane v. Curts,* 45 Idaho 414, 421–22, 425, 262 P. 877, 879, 881 (1927) (the property was erroneously subdivided and sold for $300 even though a higher written bid for $8,700 had been submitted), *with Suchan v. Suchan*, 113 Idaho 102, 108–10, 741 P.2d 1289, 1295–97 (1986) (800 acres sold for an effective price of $71,000 was not grossly inadequate consideration in the face of the property's water permit problems, a depressed market, rock outcrops, and the potential for further lien claims by the judgment creditor).

The totality of the circumstances here evinces that the $100 bid was grossly inadequate consideration. First, the district court found that Puckett's bid resulted in a net loss for the debtor. Second, the judgments from the divorce proceedings were each worth substantial sums of money. Even if we were to reject the district court's "less than nothing" analysis, the $100 bid for judgments worth $202,526.13 and $34,770.16, would respectively amount to less than 0.0001% and 0.003 %, of the judgments' value. Thus, while the $100 bid on its own does not demonstrate a grossly inadequate purchase price, the totality of the circumstances do.[2] Such infinitesimal consideration for either judgment is grossly inadequate, as the district court correctly concluded by acting within the bounds of its discretion, applying the relevant law, and basing its decision on reason. Accordingly, there was no abuse of discretion.

### 3. The district court did not err in finding "additional circumstances" warranted vacating the sheriff's sale.

Puckett's final contention is that the court failed to establish the requisite procedural "irregularities" during the execution process to justify setting aside the sheriff's sale. His argument rests on the language from *Phillips v. Blazier-Henry*, in which this Court explained: "Our decisions have uniformly held that there must be some irregularity in the sale or other slight additional circumstance." 154 Idaho 724, 730, 302 P.3d 349, 355 (2013).

In *Phillips* and *Safaris*, this Court reiterated the general rule that "vacating the sale requires both grossly inadequate consideration and attendant 'additional circumstance[s],' " *i.e.*

---

[2] While we agree with the district court's analysis as far as this particular case is concerned, there are circumstances where the recovery of less than the fees for the cost of the sheriff's sale *might* be reasonable and not amount to grossly inadequate consideration. For instance, when executing on a relatively small judgment, it is not difficult to foresee a scenario where the fees could exceed the amount of the underlying judgment even if more than a mere credit bid was received. However, given the large judgment amounts presented here—in excess of $230,000—this case presents no such concerns.

the erroneous division of real property, or the failure to comply with constitutional and statutory requirements regarding notice of the sale. *Safaris Unlimited, LLC*, 163 Idaho at 885, 421 P.3d at 216. (quoting *Phillips*, 154 Idaho at 728–30, 302 P.3d at 353–55). *See also Curts*, 45 Idaho at 421–22, 425, 262 P. at 879, 881; *Neal*, 77 Idaho at 432, 293 P.2d at 960; *Tudor*, 109 Idaho at 575–76, 709 P.2d at 148–49. For instance, in *Tudor Engineering Co. v. Mouw*, the judgment creditor posted and published notice pursuant to the Idaho Code, but he did not serve any of the interested parties with notice of the impending sale. 109 Idaho at 574, 709 P.2d at 147. Thus, the Court held the judgment creditor "failed to provide any of the interested parties with actual notice of the execution sale," and "violated the rights of innocent third parties." *Id.* at 109 Idaho at 575, 709 P.2d at 148. These were the "additional circumstances" combined with the grossly inadequate consideration that warranted setting aside *Tudor*'s sheriff sale. *Id. See also Safaris*, 163 Idaho at 885, 421 P.3d at 216.

Here, the district court's decision to set aside the sale was based on two findings: grossly inadequate consideration and an inadequate description of the property. This corresponds with statutory and constitutional requirements. Puckett's failure to adequately identify the property to be sold deprived Bergmann—and potentially any other interested parties—of adequate notice of the impending sale because they could not precisely identity *what* was for sale. Combined with a bid that actually increased the amount of the debt owed, the district court appropriately concluded that the requisite dual foundation to warrant setting aside the sheriff's sale—grossly inadequate consideration and additional circumstances—were met.[3]

## B. Bergmann is entitled to attorney fees and costs under Idaho Code section 12-121.

Bergmann requests an award of attorney fees on appeal under Idaho Code section 12-121, which permits the Court to award fees where it "finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Because we find that this appeal was brought unreasonably and in deviation from well-settled law, we award attorney fees to Bergmann. Bergmann, as the prevailing party, is also entitled to costs. The only question remaining is who should pay the fees and costs on appeal: Puckett or the assignee of the judgment, Vernon K. Smith?

---

[3] Although the district court's memorandum decision noted other procedural irregularities in the record—most notably that Bergmann had alleged that she had not been provided with notice of the date of the sheriff's sale—it made no findings concerning these matters and did not use them as a basis for its conclusions.

A judicial admission is a "deliberate, clear, and unequivocal statement of a party about a concrete fact within the party's knowledge." *Vanderford Co. v. Knudson*, 150 Idaho 664, 673, 249 P.3d 857, 866 (2011). Examples of judicial admissions include "statement[s] made by a party or attorney, in the course of judicial proceedings, for the purpose, or with the effect, of dispensing with the need for proof by the opposing party of some fact." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004).

As noted earlier, Smith has made a series of judicial admissions in the record by which he has conceded that in 2014 Puckett assigned all interest in the divorce judgments to him. These admissions are contained in a least four documents filed by Smith in the record below and in his reply brief on appeal. Furthermore, Smith openly admitted during oral argument that he was assigned all interest in his ex-wife's divorce judgments against him by Puckett. Accordingly, we hold that inasmuch as Smith has deliberately, clearly, and unequivocally admitted that he was assigned the underlying judgments in this case years before they were appealed to this Court, he is solely responsible for how the appeal was conducted. Therefore, Bergmann is entitled to an award of her attorney fees and costs on appeal against Vernon K. Smith, the assignee of the underlying judgments in this case.

## IV.    CONCLUSION

We affirm the district court's decision denying Puckett's motion for reconsideration of the order setting aside the sheriff's sale. Attorney fees and costs on appeal are awarded to Bergmann against Vernon K. Smith.

Chief Justice BURDICK and Justices BRODY, BEVAN and STEGNER **CONCUR.**

11